FREDERICK C. BRADLEY vs. FANNIE E. GORHAM.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The jury are not bound, as matter of law, to give full credit and belief to the testimony of a particular witness merely because he is not contradicted nor his veracity impeached. His testimony, like that of all others, is to be considered and weighed with all the evidence in the case.

The same rule applies also to evidence of alleged contradictory statements of a witness out of court. While such evidence may well be scrutinized, owing to the liability of misunderstanding, or of recalling and repeating exactly, statements made by another, an instruction that such evidence as to statements of a particular witness is of a weak character and must be received by the jury with great caution, is erroneous, and constitutes an unwarranted invasion of their peculiar province.

A party who seeks to recover for services rendered may show that he presented a bill therefor in the usual course of business.

While a witness may be asked on cross-examination if he has not made contradictory statements out of court, it is nevertheless within the discretion of the trial court to exclude the inquiry if it specifies neither time nor place.

Argued June 16th—decided August 12th, 1904.

ACTION to recover a commission rendered as a real estate broker, brought by defendant's appeal from a judgment of a justice of the peace to the court of Common Pleas in New Haven County and tried to the jury before *Bishop, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*George E. Beers* and *Harry W. Doolittle,* for the appellant (plaintiff).

*Charles S. Hamilton*, for the appellee (defendant).

BALDWIN, J. The plaintiff, on the trial of the cause, offered evidence that the defendant in April, 1898, put a tract of land in which she had an interest in his hands for sale; that he afterwards had several interviews with one Lounsbury, at which he attempted unsuccessfully to negotiate a sale to him; that in October, 1899, the defendant discharged him; and that a few weeks later she made a sale of half the property to Lounsbury, of which sale the plaintiff was the procuring cause. For a commission on the price paid this suit was brought.

Lounsbury was a witness for the defendant, and testified that the plaintiff never had any interview or communication with him in regard to a sale, but told him, in July, 1898, that he was not employed by the defendant to sell the land; and that he made his purchase directly from her, uninfluenced by and without the intervention of any broker.

In the course of the charge to the jury, they were told that if they found that what Lounsbury had thus testified to was the fact, their verdict should be for the defendant; and that, if they found that there was no evidence impeaching or contradicting him, his testimony was entitled to full credit and belief.

This instruction was erroneous. There was evidence contradicting him but, had there not been, although his veracity were unimpeached, the jury were not, as matter of law, bound to regard what he had said as entitled to full credit and belief. They were to consider all the evidence in the case. The issue was as to the facts in controversy, and could not properly be narrowed in this manner to a question as to the credibility of a single witness. *White* v. *Reed*, 15 Conn. 457, 465; *Freeman's Appeal*, 74 id. 247, 249; *Lewis* v. *Lewis*, 76 id. 586, 593.

The jury were further told that they must bear in mind that testimony offered in contradiction of a witness, to show that he had made statements at another time and place differing from his evidence in court, must be received with

great caution and is of a weak character; that in view of the liability of misunderstanding statements made by another or remembering them imperfectly, or inability to repeat them exactly, no claimed contradiction of this kind could destroy the evidence given on the trial; and that even if several witnesses should testify to such contradictory statements, this was entitled to but little weight, unless the jury were convinced that it should be given extra weight.

It would have been entirely proper to call attention to the considerations stated, as reasons for carefully scrutinizing evidence of the character in question. They are such as naturally to impress any man of common sense. *Husted* v. *Mead*, 58 Conn. 55, 61. But the instructions given were, in effect, that the normal weight of testimony as to contradictory statements previously made out of court by a witness is in all cases slight. This assumption, and the accompanying warning that the evidence of this kind which was before them should receive little regard unless they were convinced that it should be given extra weight, constituted an unwarranted invasion of their peculiar province. It was the assertion of a novel and unfounded presumption of law.

The plaintiff was discharged by the defendant on October 30th, 1899. On November 20th, 1899, he sent her a bill for commissions on the sale to Mr. Lounsbury, and on January 12th, 1900, he brought this suit. He offered this bill in support of his case in chief, but it was excluded.

It should have been received. To send such a bill was the natural act of a person in the position which the plaintiff claimed to occupy. If he had earned a commission on the sale, it would have been contrary to the usual course of business if he had not asked for payment in such a manner.

Lounsbury was asked on cross-examination if he had not said at various times to various people that the plaintiff had the land in question in his hands as a broker for sale. The exclusion of this question because it specified no time or place was fairly within the discretion of the trial court. *Hedge* v. *Clapp*, 22 Conn. 262, 267, 270.

The other rulings, which are made reasons of appeal, were correct, and require no discussion.

There is error and a new trial is ordered.

In this opinion the other judges concurred.