IN RE APPLICATION OF GEORGE B. CLARK.

First Judicial District, Hartford, May Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and CASE, Js.

The advantages to be gained and the dangers to be avoided by a compliance with the requirement of General Statutes, § 793, that the proposed finding of facts must contain " a statement of the questions of law arising thereon which it is desired to have reviewed," are so obvious and so important to the orderly and intelligent administration of justice, that the requirement ought to be enforced not only in its letter but in its spirit.

A trial judge is not bound to make a finding where the real questions which the losing party desires to have reviewed, if any, are not indicated with any reasonable degree of certainty but are left to conjecture or surmise, or when their determination imposes upon such judge the burden of making an analysis and comparison of the charge and the requests to charge.

In the present case the draft-finding stated that one of the questions of law which it was desired to have reviewed was "whether the court erred in instructing and charging the jury as set forth in the charge," which filled more than six pages of the printed record. *Held* that such a statement was not in compliance with the statute, and that the trial judge was justified in refusing to make a finding.

What construction and legal effect should be given to Chap. 58 of the Public Acts of 1905, which purports to authorize this court to order a trial judge to make a finding in case of his neglect or refusal, *quœre*.

Argued May 1st—decided June 8th, 1906.

APPLICATION to this court for an order directing the *Hon. William L. Bennett*, a judge of the Court of Common Pleas in New Haven County, to make and file a finding in a cause tried to the jury in said court, and from the judgment in which the applicant, defendant therein, desired to appeal. *Application dismissed.*

*Charles S. Hamilton*, for the applicant (defendant).

*William A. Wright*, for Righter & Marshal (plaintiffs).

PRENTICE, J. One George B. Clark presents to this court his application in which he says, in substance, that he was, in December last, the defendant in an action pending in the Court of Common Pleas in New Haven County, wherein one Righter and another were plaintiffs; that during said month judgment upon the verdict of a jury was rendered against him in said action; that in due time his attorney filed a notice of appeal; that thereafter, and within the time allowed by statute, said attorney, in his behalf, filed a request for a finding, wherein the court was asked to make a finding for the purpose of having reviewed before this court certain questions of law; that with said request for a finding was filed a proposed draft-finding; that the judge who presided at the trial thereafter refused, and has ever since neglected and refused, to make a finding, and that without a finding the questions of law de-

sired to be reviewed cannot be presented to this court. For these reasons the applicant, claiming to be aggrieved by said refusal and neglect, and averring that he is without other remedy, asks this court for an order, pursuant to the provisions of statute, requiring said judge to make and file a finding in said cause within such time as this court shall fix. With this application have been filed copies of the pleadings in said cause, said request for a finding, said draft-finding, and the memorandum of the judge expressing his refusal to make a finding and his reasons therefor.

No appeal from the judgment in said cause has been taken.

We have no occasion to, and therefore do not, undertake to give a construction to that portion of chapter 58 of the Public Acts of 1905, upon which the applicant relies in perferring his request to this court, or to consider any questions of jurisdiction arising from constitutional limitations which suggest themselves as either involved in or resulting from such construction; since whatever legal effect be given to that enactment, it clearly appears from the application and accompanying papers that the trial judge was justified in his refusal to make a finding, and that therefore the applicant has no grievance to be redressed.

By statute it is made one of the conditions precedent to the right to have a finding at the hands of a trial judge, that the party desiring to appeal prefer a written request therefor, which shall embody a statement of the questions of law which it is desired to have reviewed. General Statutes, § 793. This requirement is not an arbitrary one whose only object is to harass counsel desiring to appeal. On the contrary, it has a highly beneficial purpose and is well adapted to serve that purpose if obeyed in its spirit. It seeks to prepare the way for the preparation of counter-findings by parties, and findings by trial judges, with an intelligent understanding of the purposes intended to be served by them, and thus lead to the presentation upon the record of all those facts, and only those facts, which might

become pertinent upon the appeal. The advantages to be gained and dangers avoided by such a course are as apparent as they are important to the fair administration of justice. So important are they that the requirement of the statute is one which ought to be enforced not only in its letter but also in its spirit. Otherwise, unnecessary burdens will be imposed upon trial judges who, being compelled to prepare their findings in ignorance of appealing counsel's grievances, will be driven to make every finding comprehensive of all facts which might become pertinent to possible questions of law, or whose omission might create an opportunity for such questions. Otherwise, the records of this court will be unnecessarily encumbered with immaterial matter. Otherwise, the door would be open to surprise and unfair attack. The statute has attempted to prevent these results by a simple requirement which can be a hardship upon nobody. It is the plain duty of the courts to give their support to this attempt, by not condoning either a disregard for its mandate, or, what is equally objectionable, a perfunctory regard for it which, by denying its purpose, accomplishes an evasion of it.

In the present case counsel's statement of the questions of law desired to be reviewed informed opposing counsel and the judge that they were: (1) the court's rulings in admitting evidence against the defendant's objection as set forth in the finding; (2) its rulings in excluding evidence contained in the finding; (3) its neglect and refusal to charge as requested by the defendant; and (4) the instructions and charge as given.

Our examination of the draft-finding fails to disclose, either in the extracts from the transcript of testimony embodied in it, or elsewhere, that any ruling upon the admission of testimony was made.

There were five requests to charge. The first was given to the jury verbatim; two others were fully complied with in substance; a fourth could not, in view of the verdict, have been made the basis of appeal. It is apparent, therefore, that the defendant could not in good faith have de-

sired to have the failure of the court to comply with all
his requests reviewed. What he did desire to have re-
viewed in respect to his requests, if anything, was not,
therefore, indicated, but left to conjecture upon an analy-
sis and comparison of the charge and the requests. The
trial judge rightly held that it was not his duty to make
such analysis and comparison for the purpose of determin-
ing that upon which it was the defendant's duty to give at
least reasonable information.

It is apparent, however, from the brief filed in support
of the application that the instructions given furnish the
real basis of the defendant's supposed grievances. These
instructions fill more than six pages of the printed record,
and yet what is objected to therein is nowise pointed out,
and counsel contents himself with saying that he wishes
this court to inquire whether the trial court did not err
"in instructing and charging the jury as set forth in the
charge." It is idle to claim that in this there was a
compliance with the statute.

If the defendant felt aggrieved by any ruling, instruc-
tion, or failure in instruction, on the part of the court,
it would have been easy for counsel to point out that
which gave occasion for the grievance. In the case in
question there was no serious attempt so to do, and the
trial judge was justified in holding that the conditions en-
titling the applicant here to a finding had not been com-
plied with, and in refusing to make a finding.

The application is dismissed.

In this opinion the other judges concurred.