STATE v. HENRY HALVERSON.[1]

February 7, 1908.

Nos. 15,368—(18).

**Credibility of Witness.**

The law does not presume that a witness tells the truth; nor does it presume the contrary. The question of credibility is for the jury to determine after seeing and hearing the witness, and it should be submitted to the jury without instructions as to the existence of any presumption as to truth or falsehood.

**Same—Bastardy.**

An instruction, in connection with the testimony of the complaining witness in a bastardy case, that "it is to be taken for granted that a witness speaks the truth on the stand, and consequently that [the complaining witness] in that particular tells the truth, unless the force of surrounding circumstances and the attendant facts are such as to compel belief in the minds of the jury that falsehood, instead of truth, was spoken," is error, in that it states a presumption which does not exist in law, and an improper rule as to the weight of evidence required on the issue of the truth of the witness' testimony.

Action in the district court for Olmsted county to compel defendant to support a bastard child. The case was tried before Snow, J., and a jury which rendered a verdict of guilty. From an order denying defendant's motion for a new trial, defendant appealed. Reversed.

*Thomas Spillane,* for appellant.

*George J. Allen* and *Harold J. Richardson,* for the state.

ELLIOTT, J.

In an action to compel the defendant to support a bastard child, the complaining witness testified to a material fact which strongly tended to show that the defendant was the father of the child. At the request of the defendant the court gave certain instructions to the effect that the particular issue upon which the complaining witness testified must be determined by the jurors from all the circumstances and evidence, and that they must determine from the evidence whether or not the

[1] Reported in 114 N. W. 957.

witness testified truthfully. After giving the instructions as requested by the defendant, the court, by way of explanation, added the following: "It is to be taken for granted that a witness speaks the truth on the stand, and consequently that Minnie Westrum in that particular tells the truth, unless the force of surrounding circumstances and the attendant facts are such as to compel the belief in the minds of the jury that falsehood, instead of truth, was spoken."

No exception to this part of the charge was taken at the time, but it was duly assigned as error on the motion for a new trial. The instruction related to a controlling proposition of law, and the rule stated and applied in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, and subsequent cases, has no application. This instruction was erroneous, and must have been prejudicial to the defendant. It related to the evidence of the complaining witness, who was pecuniarily interested in the result of the action (State v. Nestaval, 72 Minn. 415, 418, 75 N. W. 725), and referred to an issue which was of great importance in the case. It is true that the defendant asked for instructions specifically applicable to the testimony of this witness, and they were given by the court; but the effect of the correct instructions was destroyed by the explanation. The proceeding necessarily accentuated the importance of the particular evidence of the complaining witness.

It is sometimes said by text-writers and courts (1 Jones, Ev. § 12; Cornwall v. State, 91 Ga. 277, 18 S. E. 154) that there is a presumption that a witness testifies truthfully. There is certainly no presumption or inference to the contrary, and it is possibly true, as a mere statement of fact, that witnesses do ordinarily tell the truth. But there is no presumption of law to that effect (State v. Smallwood, 75 N. C. 104; State v. Jones, 77 N. C. 520), and a statement such as was made to the jury by the trial court is liable to mislead. As said in Chicago v. O'Brien, 219 Ill. 303, 76 N. E. 341: "The law has no rule which the court may lay down in instructions to the jury that there is a presumption that an unimpeached witness has testified truly, and such instructions infringe upon the province of the jury to determine the credibility of the witnesses and the weight and value of their testimony." See also Hauser v. People, 210 Ill. 253, 71 N. E. 416; Bradley v. Gorham, 77 Conn. 211, 58 Atl. 698, 66 L. R. A. 934.

The jurors should be allowed to take the testimony of the witness for just what, in their judgment, it is worth, in the light of all the evidence in the case and the circumstances which have been disclosed by the evidence. The question of credibility is for the jury. It is not a matter upon which it should be guided and controlled by general statements of inferences and rules of logic announced by the court. As said by Prof. Thayer: "The law has no mandamus to the logical faculty. It orders nobody to draw inferences." Preliminary Treatise on Evidence, p. 314, note. A witness presents himself as credible and worthy of belief. If he makes a good appearance, and tells a story which is reasonable and probable, and free from anything which creates suspicion and distrust, and is not impeached, directly or indirectly, the jurors will, in the light of their knowledge of human nature and the common course of events, accept his statements as correct. It is true that there is a limit beyond which the court will not permit a jury to go in rejecting the testimony of a witness who is unimpeached and uncontradicted (Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269); but this rule does not rest upon a presumption of law that the witness tells the truth. It means merely that the jury cannot be permitted to arbitrarily disregard the evidence in the case.

Ordinarily a simple statement by the court that a witness is presumed to tell the truth would not be of sufficient importance, although technically erroneous, to justify a reversal; but in this instance the instruction is coupled with the statement that it must be taken for granted that this particular witness spoke the truth as to a specific matter, unless the force of surrounding circumstances and the attendant facts compelled the belief in the minds of the jury that she testified falsely. This placed the burden upon the defendant to compel the minds of the jurors to the conclusion that the statement of the complaining witness was false; that is, to prove it even beyond a reasonable doubt. For this erroneous instruction there must be a new trial, and we therefore refrain from commenting upon the other questions, as they are such as will not be liable to arise hereafter.

Order reversed.