RALPH BANKS *vs.* HUBERT E. WARNER, JR.

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER AND RALPH
WHEELER, Js.

Under the Sales Act (Public Acts of 1907, Chap. 212, § 67), and also
under the rule previously established in this State, the measure
of damages, in a suit by the vendee for the refusal of the vendor to
deliver the goods sold, is the loss directly and naturally resulting
to the vendee, in the ordinary course of events, from the vendor's
breach of contract.

Where there is an available market for the goods in question, the
measure of damages, in the absence of special circumstances, is
the difference between the contract price and the market price
of the goods at the time and place at which they ought to have
been delivered. If there is no available market, or if there are
special circumstances showing proximate damages of a greater
amount than the difference between the contract price and the
market price, a different measure of damages has to be adopted.

Where the trial court assessed damages at the difference between the
contract price and the price actually paid by the buyer to other
parties for the goods, and it does not appear from the finding
whether there was an available market for the goods, or that the
price paid was not the market price, this court cannot find error.

The appellant cannot, as a matter of right, raise other questions of
law on his appeal than those which he declared in his request for
a finding that he desired to raise, although the rulings sought to
be questioned appear in the record as made up. A finding is
prepared to present only those questions which the plaintiff in
his request notified the court that he desired to raise; and as to
other questions this court cannot know that there are not other
pertinent facts than those found which the court would have found,
if it had been informed, as the statute requires, that such questions
were to be raised.

When one has testified that he made certain payments and received a
receipted bill therefor, it is not error to admit in evidence the
receipted bill. The taking of such a receipt is the natural act of one
making a payment; and the receipt is real evidence corroborative
of the oral testimony rather than hearsay emanating from the giver
of the receipt. The receipt is also admissible to fix the date of
the transaction.

Where a witness testified that he made a certain payment, and no

Banks *v.* Warner.

evidence was offered to contradict this testimony, the admission of a receipt as corroborative evidence would be harmless, and therefore no cause for a new trial, even if the receipt had been legally inadmissible.

Submitted on briefs April 10th—decided July 26th, 1912.

ACTION on the common counts to recover the price of pier blocks, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the defendant on his counterclaim, and appeal by the plaintiff. *No error.*

The plaintiff in his bill of particulars claimed for twenty stone pier blocks furnished the defendant at an agreed price of $7 each, to be used on an Essex job. The defendant, by way of special defense and counterclaim, alleged that the plaintiff agreed to furnish him fifteen other pier blocks, to be used on a Brennan job, for the sum of $70, that the plaintiff failed to furnish these, and the defendant was obliged to get them elsewhere at a cost of $126.50; and claimed damages for the plaintiff's breach of this contract. The court found that on the first contract there was a balance of $50 due the plaintiff at the time the action was commenced, and that at the same time there was due the defendant from the plaintiff, for breach of the contract set up in the counterclaim, $51.50, and rendered judgment for the defendant for $1.50.

The finding is that when the plaintiff, upon demand, refused to furnish the fifteen stone pier blocks for the Brennan job, the defendant purchased the stone blocks in the rough and had them cut by men employed by him for that purpose, the stone costing $33 and the cutting $93.50.

The defendant having testified that he purchased the stone from one Brazos, and that he paid him therefor $33 and took a receipted bill for the same, was

permitted to introduce, against the plaintiff's objection, the receipted bill from Brazos, which corroborated the statement. No evidence was offered to contradict the defendant's testimony that he purchased and paid Brazos for the stone.

The only grounds of appeal argued were that the court erred in ruling that the measure of damages for the breach of the contract by the plaintiff was what the defendant paid for the pier blocks and to the men for cutting the blocks; and that it erred in admitting the receipt of Brazos, and also in refusing to correct the finding as requested by the plaintiff.

*Richard H. Tyner,* for the appellant (plaintiff).

*Carl A. Mears,* for the appellee (defendant).

THAYER, J. It is apparent from the facts appearing in the statement of the case that the court did not adopt as the measure of damages the rule stated in the reasons of appeal. Had it done so, the defendant's damages would have been $126.50 instead of the amount which was allowed. The amount which was allowed was the difference between this sum, which was what the defendant paid for the pier blocks after the plaintiff's breach of contract, and the sum for which the plaintiff agreed to furnish them.

But the plaintiff's contention before us has been that the true measure of damages in such a case is the difference between the agreed price and the market price at the time and place of delivery under the contract, and that this is not the rule which the court adopted.

It is well established that where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing

proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when, and at the place where, they ought to have been delivered; but where there is no available market for the goods, or where there is an available market and special circumstances are present showing proximate damages of a greater amount than the difference between the market price and the contract price, a different measure of damages has to be adopted. The measure of damages in any case is the loss naturally and directly resulting, in the ordinary course of events, to the vendee from the seller's breach of contract. Sales Act (Public Acts of 1907, § 67, p. 783). This has always been the rule in this State. *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 480, 35 Atl. 521; *Marshall* v. *Clark*, 78 Conn. 9, 11, 60 Atl. 741. The Sales Act is in affirmance of our common law upon the subject.

To support the plaintiff's contention, therefore, it must appear from the record both that there was an available market and that the damages awarded the defendant by the court were not the difference between the contract price and the price in that market. Neither of these facts appear in the finding. It is not expressly found that there was or was not such a market, nor that the price paid by the defendant for the blocks was or was not the market price. It appears from the finding, as before stated, that the court found the defendant's damage to be the difference between the price which he paid for the blocks and the price which he was to have paid the plaintiff for such blocks under the contract. This is not inconsistent with the existence of an available market; for the price paid, while found to be reasonable under the circumstances, is not found to be other than the market price. The court was not required to make a finding to present these questions,

because the plaintiff, in his request for a finding, did not, in the statement, of the claims of law which he desired to raise, include the one now attempted to be raised by him. A finding is prepared to present only those questions which the plaintiff in his statement notifies the court that he desires to raise upon his appeal. General Statutes, § 793; *Clark's Application,* 79 Conn. 136, 138, 64 Atl. 12; *Dennison* v. *Waterville Cutlery Co.,* 80 Conn. 596, 598, 69 Atl. 1022; *Bridgeport* v. *Bridgeport Hydraulic Co.,* 81 Conn. 84, 89, 70 Atl. 650. We said in *Dennison* v. *Waterville Cutlery Co.,* 80 Conn. 596, 69 Atl. 1022, that an appellant cannot, as a matter of right, raise other questions on his appeal than those which he has thus notified the court that he desires to raise, although the rulings sought to be questioned appear in the record as made up. The reason is that this court cannot know that there are not other facts, pertinent to the question, which the court should and would have found had it been informed, as the statute requires, that the question was to be raised. One of the beneficial purposes of the statute, as pointed out in *Clark's Application,* 79 Conn. 136, 64 Atl. 12, is to enable the court to limit the record on appeal to those facts pertinent to the questions sought to be raised by the appeal.

It does not appear from the record that an erroneous measure of damages was adopted by the court, but did it so appear the question would not be open to the plaintiff on this appeal for the reason last stated.

The plaintiff's objection to the introduction of the receipted bill of Brazos is that it was hearsay testimony. It was offered not as a declaration of Brazos but as a part of the defendant's testimony as to the transaction, that at the time he paid for the stone he received a receipted bill. It would be natural for him to have demanded such a receipt. It was admissible for this

purpose and to fix the date of the transaction. *Bradley* v. *Gorham,* 77 Conn. 211, 213, 58 Atl. 698. The case was tried to the court and there was no testimony offered to contradict the defendant's testimony as to the purchase of the rough blocks from Brazos. If the paper was improperly admitted the plaintiff could not have been harmed by its admission.

The plaintiff requested a change in paragraph eleven of the finding. The request was not accompanied by a transcript of testimony supporting the request and it was properly refused. There is no merit in his claim for this change in his reasons of appeal.

There is no error.

In this opinion the other judges concurred, except GEORGE W. WHEELER, J., who dissented.