## ANGELO GIORDANO *vs.* MICHELE JANETTO.

First Judicial District, Hartford, January Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

General Statutes, §§ 5584, 5585, requires "civil process" to be served and returned within a stated time before the sitting of the court. *Held* that an application to this court for an order requiring the trial judge to make a finding of facts, was not "civil process" and did not come within the requirements of these sections.

Our rules do not prescribe the time within which such an application must be served, and until they do, it is sufficient if service be made within the time provided for filing pleas in abatement (General Statutes, § 5849) in this court.

The action in the present case sought to enjoin the defendant from conducting a meat and grocery store in Waterbury, in violation of his agreement not to do so for five years; and one of the questions of law for review was whether this agreement had been superseded by a bill of sale subsequently executed. *Held* that this could be determined only upon a finding, which, if it did not correctly portray the situation claimed by the appellant, he was entitled to have corrected, and that this clearly presented a question of law; as also did the claim of the appellant that special damages could not properly be included in the judgment because not alleged in the complaint; and that the trial judge must therefore make and file a finding of facts within a reasonable time.

Argued January 4th—decided January 26th, 1921.

APPLICATION by the defendant for an order of this court requiring the judge of the District Court of Waterbury (*Peasley, J.*) to make and file a finding of facts for the purposes of an appeal; to this application the plaintiff filed a plea in abatement, to which the defendant demurred. *Demurrer sustained, plea in abatement overruled and application granted.*

*Francis P. Guilfoile,* with whom was *Edward Mascolo,* for the defendant (in support of the application).

*Clayton L. Klein*, with whom was *Michael V. Blansfield*, for the plaintiff (in opposition to the application).

PER CURIAM. This action was tried to the court, and judgment rendered therein in favor of the plaintiff to recover $1,400.

The defendant duly filed his notice of appeal and his proposed draft-finding, accompanied by his request to the court to make a finding of facts so that this court might review certain stated questions of law. The plaintiff duly filed his counter-finding, and a month and a half later filed his motion that the court deny defendant's request for a finding, because it appeared from the draft-finding that there were no questions of law raised to be reviewed by this court. The trial court sustained this motion upon the ground stated. Thereupon the appellant, Janetto, made the application which is before us.

The appellee, Giordano, filed his plea in abatement to the application, upon the ground that it was not served at least thirty days before the sitting of this court, nor returned to its clerk at least twenty days before the return day. To this plea the appellant, Janetto, demurred, because these provisions are those found in General Statutes, §§ 5584, 5585, and are the requirements in civil process, and this application is not a civil process.

The demurrer is clearly well taken. The parties orally stipulated that in the event that the demurrer should be sustained, this court should determine the application upon the facts therein stated.

The procedure followed, in making this application, was the usual one. *Clark's Application*, 79 Conn. 136, 64 Atl. 12. Our rules do not prescribe the time of service of the application. Until a rule be made fixing this time, it will be a sufficient time if service be made

within the time provided for filing pleas in abatement (General Statutes, § 5849) in this court.

The question upon the merits is whether any of the questions which the appellant desired to have reviewed were questions of law, or, as the trial court held, purely questions of fact. The original action was brought to enjoin the defendant from conducting a certain meat and grocery store, in violation of his agreement not to open any dry goods or grocery store in Waterbury for a period of five years. One of the questions of law for review is whether this agreement had been superseded by a bill of sale subsequently executed. This could be determined only upon the finding, and, in the event that the finding did not correctly portray the situation as the appellant claimed it, he was entitled to have the finding corrected. Clearly this presented a question of law.

Then, too, the appellant should have the opportunity to have his claim of law determined, that the court could not include in the judgment special damages, since none such were alleged in the complaint. The allegations of the complaint were that the plaintiff's business had fallen off so that it was no longer profitable to run, and that the plaintiff had lost $1,500, which amount he had paid over and above the actual value of the land, store fixtures, and stock in trade which he purchased of defendant. As appears from his memorandum of decision, the trial judge rendered judgment for the amount of damages suffered to the extent of $40 a week for thirty-five weeks. The claim of the appellant presents a plain question of law within our decisions, which he is entitled to have reviewed. "The test whether the particular damage claimed should have been specifically alleged, is not whether it necessarily followed from the facts proved, but whether it necessarily followed from the facts as they are alleged in the complaint." *Eldridge* v. *Gorman*, 77 Conn. 699, 704, 60 Atl. 643.

' Other claimed questions of law need not be considered.

It is ordered that the judge of the District Court of Waterbury, within a reasonable time, make and file a finding of facts in said cause.