SAMUEL C. GREENBERG *vs.* FRED C. RILEY ET AL.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and WEBB, Js.

In an action by the payee against the indorsers of a note, the defendants alleged that they were accommodation indorsers without consideration, and that upon the maturity of the note the plaintiff agreed to discharge them if they would produce property of the maker, of the value of the note ($250), and that they did produce such property. The plaintiff denied the truth of this defense, and the jury rendered a verdict in his favor. *Held* that this conclusion was reasonably open to the jury upon the evidence, and therefore the trial judge acted properly in refusing to set aside the verdict.

Whether the provision in § 4480 of the General Statutes, that the renunciation of the rights of a holder of a negotiable instrument against any party thereto, "must be in writing," applies to a discharge of such party by a contract upon consideration, *quære*.

The refusal of a trial judge to make a finding is not a subject-matter of appeal; the remedy, provided by General Statutes, § 5824, is by an application to this court for an order requiring him to make and file such finding.

Argued January 24th—decided February 21st, 1922.

Greenberg *v.* Riley.

ACTION by the payee against the indorsers of a promissory note, brought to the City Court of New Haven and tried to the jury before *Hoyt, J.;* verdict and judgment for the plaintiff for $323, and appeal by the defendants. *No error.*

*Joseph Koletsky,* for the appellants (defendants).

*Frank Kenna,* for the appellee (plaintiff).

CURTIS, J. This is an action by the payee of a note against indorsers to recover the amount of the note.

The defendants answer by a special defense only. They allege, in effect, that they were accommodation indorsers without consideration, and that when the note became due they entered into an agreement with the plaintiff whereby he agreed to discharge them from liability on the note if they would discover and produce for the plaintiff property of John C. Lounsbury of a value of $250, the amount due on the note; that they thereupon discovered and produced for the plaintiff property of John C. Lounsbury of such value. The plaintiff denied the allegations of this defense.

Upon the trial the jury rendered a verdict for the plaintiff. The defendants moved the court to set aside the verdict as against the evidence. This motion the court denied.

The only reason of appeal that the record brings before us for consideration is the following, found in their appeal filed May 29th, 1920: "1. The court erred in denying the motion to set aside the verdict in this action."

There appears in the record the fact that on May 29th, 1920, the defendants made what they term a request for a finding, and, later, what they term a motion to correct the request for a finding. The court

denied the motion and refused to make a finding.
The defendants filed their appeal on May 29th, 1920,
and also filed an amendment to their reasons of appeal,
which was predicated on the charge of the court. No
finding having been made as to the charge of the court,
the court refused to permit the filing of the amend-
ment to the reasons of appeal. The defendants also
filed a supplemental appeal, which they apparently
deemed would bring before us the question whether
the court erred in not making a finding and allowing
additional reasons of appeal.

When a judge refuses to make a finding, such refusal
is not a matter that can be remedied by an appeal or
set up as a reason of appeal. The statutes provide
that in case of the refusal of a judge to make a finding,
an application may be made to the Supreme Court
of Errors to order the judge to file a finding. General
Statutes, § 5824; *Giordano* v. *Janetto,* 95 Conn. 690,
112 Atl. 263. Therefore, as stated before, the only
reason of appeal before us is that the court erred in
denying the motion to set aside the verdict in this
action.

The entire evidence in the case is made a part of
the record. We are of the opinion, from an examination
and consideration of the entire evidence, that the jury
could reasonably have found the issues arising on the
special defense and its denial in favor of the plaintiff.

The plaintiff claimed that General Statutes, § 4480,
which provides that the renunciation of the rights
of a holder of a negotiable note against any party to
the instrument, must be in writing, applies not only
to a renunciation without consideration but also to a
discharge of such party by contract upon consideration.
It is to be observed, in this connection, that § 4477
provides that a negotiable instrument may be dis-
charged "(4) by any other act which will discharge

a simple contract for the payment of money." A number of cases may be found which support this claim of the plaintiff; but Williston, in his work on Contracts, in a note to § 1833, Vol. 3, states that in his opinion the claim is clearly unsound. No question was raised on the trial as to the admissibility of any evidence produced by the defendants in support of their special defense. While it appears from an examination of the record that the defendants' evidence was entirely oral, yet, since we are satisfied that the jury could reasonably have found the issues for the plaintiff under the evidence presented, it is not essential in this case to decide the interesting and important question suggested by the plaintiff.

There is no error.

In this opinion the other judges concurred.