SAMUEL WELBROT ET AL. (JOSEPH HELLER ET AL.)
*vs.* JUDA LEVENBERG ET ALS.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, Js.

In a suit to secure the annulment of a deed or a reconveyance of the
    property, the main and controlling issue between the parties was
    whether a house in New Haven, which had been purchased with
    moneys received from a number of contributors, was designed
    by the donors to be used as a permanent dwelling-place for the use
    of the chief rabbi of the city from time to time, as asserted by the
    plaintiffs, or was intended by the contributors to be a personal
    and absolute gift to Rabbi Levenberg, as the defendants con-
    tended; and this issue, upon written interrogatories addressed
    to them by the court, was found by the jury in favor of the defend-
    ants. *Held:*—
1. That the question of title, which was involved in this case, was
    properly left to the jury for its determination; and that this issue
    having been settled in favor of the defendants, no ground or basis
    was left for the plaintiffs' claim for equitable relief.
2. That the interrogatories submitted by the court were clear and
    ·precise, and embodied all that was essential in the forms prepared
    by the plaintiffs, except one, which would have required the jury
    to consider and pass upon a matter not pertinent to any issue in
    the case.
3. That the trial court committed no error in denying the plaintiffs'
    motions for judgment *non obstante veredicto,* and in arrest of judg-
    ment, the jury's answers to the interrogatories having made the
    defendants' position impregnable.
4. That there was no occasion for the trial court to instruct the jury
    upon any other issue than the single one raised by the complaint
    and answer: was the fund given for the purpose claimed by the
    plaintiffs or for the purpose claimed by the defendants.
5. That the amendment of the complaint proposed by the plaintiffs
    was properly disallowed, since it presented no new matter for the
    consideration of the court, its averments being involved in those
    which had already been submitted to and conclusively determined
    by the jury.
6. That there was nothing in the record to indicate that the con-
    clusion reached by the trial court—that the title to the property,
    which rested in the defendant Levenberg, was where it legally
    should be and was intended to be by the donors of the fund—

was not reasonable and legitimate, in view of the pleadings, the answers of the jury, and the facts found upon the subsequent hearing.

Rulings on evidence which are not presented with the fullness and in the manner required by the rules (Practice Book, 1908, § 5, p. 266, § 116, p. 236) are not entitled to consideration in this court on appeal.

A paper recognized by a witness on cross-examination and admittedly relevant to matters testified to on his direct examination, is clearly admissible in evidence.

The fact which an interrogatory submitted to a jury is intended to elicit, should be pertinent to some issue raised by the pleadings, and one which may be of material weight in its decision.

Argued October 24th—decided November 27th, 1922.

SUIT to obtain the annulment or cancellation of a certain deed, or a reconveyance of the property, and for other equitable relief, brought to the Superior Court in New Haven County, where interrogatories touching certain issues were submitted to (*Haines, J.*) and answered by the jury in favor of the defendants, for whom the other issues were afterward found by the court (*Haines, J.*) and judgment rendered, from which the plaintiffs appealed. *No error.*

In a substituted complaint the plaintiffs set forth that the defendant the United Synagogue Society was a voluntary association intended "to maintain houses of worship, a dwelling for the Rabbi, and schools for the teaching of Hebrew Judaism and other similar religious institutions"; that a large sum of money was subscribed by and collected from the plaintiffs and many other persons "for the purpose of purchasing a house to be used as a dwelling for the Chief Rabbi"; and that the three of the five incorporators of the United Synagogue Society who were named as defendants accepted these funds in trust, and therewith bought for and in the name of the society a piece of land on which was a dwelling-house suitable for the use of the Chief Rabbi; that this "house was purchased for and was intended

to remain as the property of said society as a permanent dwelling-place for the Chief Rabbi located in New Haven"; that this property remained in the name of said society for three years after its purchase; that then the three incorporators of the society named as defendants, representing themselves to be a committee of the society duly authorized so to do, executed and delivered to the defendant Juda Levenberg a warranty deed of this property, which he forthwith placed on record; that in fact these defendants were not such a committee, and the deed was signed and delivered without the authority of the society and without consideration, and the transfer was fraudulent and void; that by this deed and transfer the property thus held in trust was diverted from its purpose and the trust unlawfully terminated; that the defendant Levenberg was using the house for his own profit and advantage and making changes that damaged the house; that by reason of the facts alleged the plaintiffs and all those who subscribed to the fund for the purchase of this property have suffered irreparable injury; that the United Synagogue Society had made no effort to recover this property from the defendant Levenberg and had refused to join as plaintiffs in this action. The plaintiffs claimed, (1) a decree declaring the deed to the defendant Levenberg to be void; (2) or in lieu thereof, a decree directing the defendants to execute and deliver to the Synagogue Society a deed of the property in the same condition it was when it was deeded to Levenberg; and (3) and (4), orders to restrain Levenberg from making changes in the house and to compel him to restore it to the condition in which he took it.

In answer to this complaint, the defendants set up this affirmative defense: "The moneys given by any and all parties were donated with the distinct under-

standing and agreement that the money given was to be used for the purpose of buying a residence for Rabbi Juda Levenberg, and was to be an absolute gift to said Rabbi Levenberg and to be his own property with absolute title to it in his own name."

In reply, the plaintiffs denied the truth of the matters alleged in this defense.

Upon the issues thus framed and the plaintiffs' claims for equitable relief, the parties went to trial before the court and jury.

After all the evidence of both parties had been introduced, the plaintiffs asked the court to submit to the jury these interrogatories: "(1) Was this fund established for the purpose of establishing at number 84 Park Street a house to be occupied by the defendant Levenberg during his term of service as Chief Rabbi in New Haven? (2) Was this fund established for the purpose of purchasing a house at number 84 Park Street and presenting the same to the defendant Levenberg as a gift? (3) If you are unable to agree upon an answer to interrogatories 1 and 2, state the conditions under which you do find that the fund was raised by the donors thereof. (4) Was any part of said fund raised for the purpose of establishing a home for such Rabbi as might be located in New Haven?"

The court allowed only the following interrogatories to be submitted to the jury: "(1) Was this fund given by the subscribers for the purpose of a personal gift of this house to Rabbi Levenberg? (2) Was this fund given by the subscribers for the purpose of buying a house to be owned by the Society and used as a home for its Rabbi?"

On January 24th, 1922, the jury returned their answer to the first of these interrogatories in the affirmative, and to the second in the negative. On the same day, the plaintiffs filed a motion for "judgment

*non obstante veredicto,"* and on the following day a motion in arrest of judgment. On January 26th, 1922, the court denied these motions, and on that day the plaintiffs made an oral motion for leave to file an amendment to their complaint, incorporating the material allegations of the substituted complaint, and asking that a part of the money contributed be separated "from the general fund collected," and an accounting. This oral motion the court refused to grant.

Thereupon opportunity for further hearing was given, the parties were fully heard, and the court found the other issues for the defendants, and thereupon rendered judgment that the title to the property already resting in the defendant Levenberg was where it legally should be "and as originally intended by the donors of the fund."

*Robert J. Woodruff*, for the appellants (plaintiffs).

*Joseph Koletsky*, for the appellees (defendants).

BURPEE, J. By the pleadings in this action it was admitted that the money contributed by and received from the plaintiffs and the other non-appearing persons whom they assumed to represent, was given by them for the purpose of buying a dwelling-house in New Haven. The principal material issue raised was whether it was the purpose of the contributors that the property to be bought with this money should belong to the United Synagogue Society, and its title held in the name of this society in trust for the use of the person who, from time to time, in succession, might be the Chief Rabbi in New Haven, or should be a personal gift to the Rabbi Juda Levenberg and be his private property with title in his own name. Upon the decision of this issue depended the right of the plaintiffs to any

of the equitable relief which they prayed for. The question involved was one of title, which ordinarily equity will not try; nor will it take property out of the possession of one and put it into the possession of another, but will leave the parties to settle their doubtful right first at law. *Roy* v. *Moore*, 85 Conn. 159, 82 Atl. 233. Either party to this action, therefore, had the right to a trial of this issue by a jury, before the trial of any equitable issue by the court. General Statutes, §§ 5752, 5753, 5755. Hence the counsel in this case quite properly agreed, and the court consented, to submit these questions of fact to the jury for their determination, before the court should proceed to hearing and render judgment on any equitable issues which the action might present. These questions would be laid before the jury most clearly and determined by them most effectively by means of written interrogatories. Accordingly, the plaintiffs requested the court to submit such interrogatories in forms prepared by them. They complain now that the court did not adopt their forms. But comparison shows that the essential substance of the first, second and fourth of the plaintiffs' proposed questions was distinctly and intelligibly expressed in those allowed by the court. The plaintiffs' proposed third interrogatory would have called on the jury to consider and pass on a matter not pertinent to any issue in the case; for if the contributed money was not given for the purpose stated in the complaint, nor for the purpose set up in the affirmative defense, the jury could not be called on to consider and state upon what other conditions the fund was raised. That matter would be irrelevant and immaterial to the issues to be decided in the case.

The appellants criticize the terms of the interrogatories allowed, because they submitted the subject to the jury "treating the fund as a whole." It is true that

the money collected was mentioned as "this fund," and no part of it was distinguished from another. But this money was so described in the complaint, which sets forth that the plaintiffs and others "subscribed to a fund," that the defendants "accepted said fund," and "with said fund" bought the premises in question; and in the affirmative defense it is alleged that "the moneys given by any and all parties were donated" for a single purpose. No pretense had been made that the contributions of certain subscribers to this fund were made for one purpose and those of other subscribers for a different purpose, or that this fund was divisible into parts bearing different characteristics and consequences. The fact which an interrogatory submitted to a jury is intended to elicit should be pertinent to some issue framed, and one which may be of material weight in its decision. In the present case, the discretion of the trial court was wisely exercised in allowing the interrogatories to be put to the jury in the forms which it preferred to those proposed in the plaintiffs' request.

There was no error in denying the plaintiffs' motion for judgment *"non obstante veredicto,"* or their motion in arrest of judgment. Contrary to their contention, the answers to the interrogatories were pertinent to a material issue framed by the pleadings in the case, and were decisive of that issue and binding upon the court in its consideration and determination of the other issues raised. These answers made the affirmative defense impregnable, and gave it a controlling position in any further contest between the parties.

The appellants complain because the court, in its charge, did not instruct the jury "in any way to separate the fund," but did continually refer to the fund as one sum of money. As we have said, the fund was so described and presented in the pleadings and in the

claims of the parties, and neither of the triers of the action was asked to divide it, or would be justified in dividing it, into parts of different kinds. The purpose of each component contribution was to be considered only so far as it affected the character of the whole fund.

Nor should the court have instructed the jury that if they found that the money contributed was intended for any public charitable use, their verdict should be for the plaintiffs. Their verdict should not be in favor of the plaintiffs unless the plaintiffs had proved the allegations of their complaint, in which a single specific purpose or use was stated. If the jury, wandering outside of the issues raised by the pleadings, should find that any other purpose or use was intended by the donors of this fund, a verdict for the plaintiffs based on that conclusion could not be justified.

The intention of the corporation called the United Synagogue Society, if it had any intention, was not pertinent nor material in this action. The complaint set out that the deed of the premises to the defendant Levenberg was not made by the society or by its authorized agents, and is void. Any purpose this society may have had respecting this fund was of no importance; only the purpose of its donors was in issue. The court below properly ignored the plaintiffs' request to charge upon these matters.

We find no error in the conduct of the court respecting its charge.

Turning to the assignments of error which are based upon rulings on evidence, we recall this language of JUSTICE GAGER in *State* v. *Perretta*, 93 Conn. 328, 343, 105 Atl. 690: "Although on account of the gravity of the case we have waived any defects in the form of the record in this case, and have endeavored to answer such plausible reasons as might have been given, yet we

call special attention to Rule 5 of the Supreme Court of Errors (Practice Book, 1908, p. 266), which requires that 'when error is claimed in rulings upon evidence of witnesses, upon a trial either to the court or to the jury, the finding should state in each instance the question, the objection, the exception, and the answer, if any.' 'Objection' here means, not merely that there is objection, but what the objection is.   Section 116, Rules of Superior Court (Practice Book, 1908, p. 236), provides that 'whenever an objection to the admission of testimony is made, counsel shall state the ground of the objection succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had thereon.   No ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses that an exception to such ruling was duly taken.'   We know that these rules are sometimes violated in practice.   If counsel, when making an objection or a motion, cannot state any reason on which to base it, and thus fairly inform the court as to the nature of the ruling it is called upon to make, the objection should not be made a ground of appeal for reasons subsequently developed and which were not before the court at the time of the ruling.   *Zalewski* v. *Waterbury Mfg. Co.*, 89 Conn. 46, 92 Atl. 682; *Leahy* v. *Cheney*, 90 Conn. 611, 617, 98 Atl. 132."

The record before us discloses that in seven of the ten instances in which the rulings of the trial court have been assigned as reasons of appeal, the appellants did not state any reason on which the objection was based, and in the same number of instances the answer, if any, to the question objected to and admitted, is not stated in the finding.   The gravity of this case is not so great that we are impelled to overlook these defects; and if we should waive them, we should be at a loss to supply a plausible reason for any of these objections, **or**

to conjecture what inadmissible and harmful answer was made. Such reasons of appeal are not in shape to require the attention of this court.

In another instance the defendants offered in evidence a paper which, on cross-examination, a witness for the plaintiffs testified that he recognized, and the plaintiffs objected because it was not a proper part of the cross-examination, but conceded that the paper related to matters put in evidence by themselves during the direct examination of this witness; and that the paper was admissible to explain why a certain contract had been made. Then the paper was admitted as an exhibit, but does not appear in the record. It is impossible to imagine a sensible reason why it should not have been in evidence.

In another instance a witness had been questioned about a written notice of a meeting of the contributors to the fund which had been collected, and to the admission of a paper claimed to be such a notice the plaintiffs objected, because the paper was not considered to have anything to do with the issues in this case, and was not a notice. The paper, with translation, was admitted and marked as an exhibit; but it was not included in the record. Further, the same witness was asked what was the decision of the assembly in the meeting assumed to have been called by this notice, and the plaintiffs objected for the reason that the action of the assembly was not binding upon the individual contributors to the fund; and thereupon the court suggested that the objection would be a matter to argue to the jury; and the record states only that the question was then read, but not that it was answered. Again, this witness was asked what the defendant Levenberg had said to the committee of those who had contributed to the fund when he stated to them the only conditions on which he would accept the property; and after the

question had been admitted over an objection interposed without reason stated, the witness testified that he would accept the property only as a gift to himself, he undertaking to pay the mortgage upon it.

The record before us does not reveal any ground to support the assignments of error respecting these rulings on evidence.

Two days after the jury had returned their answers to the interrogatories finding the purpose for which the fund in question had been contributed, the plaintiffs moved for leave to file an amendment to their complaint. Therein they repeated the allegations of this complaint, and added the allegation that a part of the money collected had been given by the plaintiffs and others "for the purpose of establishing a public charitable fund to maintain a dwelling for a Rabbi in the city of New Haven," and that this fund had not been used for that purpose, but had been "diverted for the private advantage of the defendant Levenberg"; and they prayed for an order to separate the funds given by the plaintiffs and the others whom they represented, from the rest of the funds, and that the funds so separated be used for the purpose "designated by the owners," and for an accounting. These allegations presented no new matter for the consideration of the court. They offered no issue except the one made by the original complaint and the affirmative defense, in which the fund was represented as a whole; and the purpose of the fund as a whole had been submitted to and determined conclusively by the jury. This decision included all parts of the whole. The issue proposed by the amendment had already been raised and settled. The court did not err in refusing to allow the amendment.

The record states that after the return and acceptance of the finding of the jury on the interrogatories, the

court, after full opportunity given, further heard the parties on the other questions involved in the action, and thereupon found the issues for the defendants, and rendered judgment that the title to the property which rested in the defendant Levenberg was where it, legally should be and was intended to be by the donors of the fund. There is nothing in the record which would indicate that that conclusion was not reasonable and legitimate upon the pleadings, the finding of the jury, and the relevant facts found in the subsequent hearing granted to the parties.

There is no error.

In this opinion the other judges concurred.