PHILIP J. ARCHAMBAULT vs. LOUIS JAMELE ET AL.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The refusal of the trial judge to make a finding is not a ground of appeal. The remedy is by an application to this court for an order requiring him to make the finding.
A verdict upon conflicting evidence must stand.

Argued April 18th—decided May 3d, 1923.

ACTION to recover for services rendered, brought to the District Court of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment for the plaintiff for $540, and appeal by the defendants. *No error.*

*Charles W. Bauby,* for the appellants (defendants).

*William K. Lawlor,* for the appellee (plaintiff).

PER CURIAM. The court refused to comply with the request of defendants' attorney and make a finding, for the reason that it appeared that the questions of

law which the defendants desired to have reviewed "raise no question as to the refusal of the court to charge the jury as requested, as to the correctness of the charge as given, or as to the proper admission or exclusion of any evidence."

Reason of appeal one is that "the court erred in refusing to file a finding of facts as requested by defendants in their request for such finding." The refusal of the trial judge to make a finding cannot be made a ground of appeal. The remedy is by an application to this court for an order requiring him to make such finding. General Statutes, § 5824; *Giordano* v. *Janetto*, 95 Conn. 690, 112 Atl. 263; *Greenberg* v. *Riley*, 97 Conn. 279, 281, 116 Atl. 180.

The only reason of appeal properly before the court is the court's refusal to set aside the verdict of the jury, and this the defendants do not pursue in their brief. Nor could they successfully, since we could not hold upon the evidence that the verdict was improperly found, it having been found upon conflicting evidence. *State* v. *Greenberg*, 92 Conn. 657, 663, 103 Atl. 897.

There is no error.