FRANK W. PETRILLO, ADMINISTRATOR, (ESTATE OF JOSEPH J. PETRILLO) *vs.* STEPHAN A. KOLBAY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued January 4th—decided March 21st, 1933.

*Charles S. Hamilton* and *Edward S. Snyder,* for the appellant (plaintiff).

*Fleming James, Jr.,* with whom, on the brief, were *Edward R. Brumley* and *Richard H. Ireland,* for the appellees (defendants).

HAINES, J. The complaint alleges in substance, that the plaintiff's intestate was on his way between eight and nine o'clock in the evening of September 24th, 1931, to the railroad station of the defendant The New York, New Haven and Hartford Railroad Company, at South Norwalk, to purchase a ticket for his passage on a train to New Haven; that in approaching the station he was obliged to cross a tract of land on the north side of the station, owned by that defendant and maintained by it for the convenient passage of its passengers and the public generally; that because of the negligence of the company the area was not lighted and was in total darkness so it was practically impossible for the decedent to see or know of the approach of an automobile; that the defendants Kolbay were driving in an automobile across this tract of land at the same time, negligently, at a high rate of speed, without watchfulness or suitable warning of its approach, and struck the decedent and injured him so severely that he died soon after.

All defendants entered a general denial, and pleaded that the decedent was guilty of contributory negligence.

The jury brought in a verdict for the defendants together with the answers to two interrogatories which had been submitted to them by the court: "Was the

plaintiff's decedent, Joseph W. Petrillo, at the time of the collision which resulted in his death, on the premises of the defendant Railroad Company for the purpose either of buying a ticket or boarding a train? Answer: No." "Was the plaintiff's decedent, Joseph W. Petrillo, guilty of any negligence which materially contributed to his injuries and death? Answer: Yes."

Errors are assigned in the denial of certain requests to charge the jury, in portions of the charge as given and in rulings upon evidence. One other assignment of error is the refusal of the court to include in the finding a long transcript of evidence, for the presentation of certain rulings on evidence. None of these rulings are referred to in the statement of questions to be reviewed, or contained in the request for a finding, nor do they appear in any assignment of error. The court was not notified that a review of these rulings was desired and thus was not required to include the statement of them in the finding. *Banks* v. *Warner*, 85 Conn. 613, 617, 84 Atl. 325; *Clark's Application*, 79 Conn. 136, 138, 64 Atl. 12. Furthermore, the claimed transcript of evidence is not certified by the official stenographer and does not conform to the requirements of our Rules for Appellate Procedure, § 8. In this state of the record we do not consider this assignment.

Many of the requests to charge are long, involved and argumentative, and fall far short of compliance with our present rule that each request shall contain a single proposition of law, clearly and concisely stated, and a citation of authority. Practice Book, p. 275, Insert; *Smirnoff* v. *McNerney*, 112 Conn. 421, 423, 424, 152 Atl. 399. In so far as these requests contain correct statements of law upon relevant facts, they were sufficiently complied with. One request is for a charge as to the duty of the defendant company to

keep its station, platform, approaches and this tract of land, reasonably safe for those desirous of becoming passengers, and in addition, as to the duty of the company to protect those having business with it from injury by members of the general public. These claims relate to the negligence of the company, and even if the charge on this point was inaccurate, it was harmless error for the reason that the jury found, in response to the second interrogatory, that the decedent was guilty of contributory negligence. *Bernier* v. *Woodstock Agricultural Soc.*, 88 Conn. 558, 564, 92 Atl. 160.

The court charged the jury concerning an attack upon the credit of a witness whose testimony was given by deposition, and who, it was claimed, had thereafter failed to obey a subpoena to appear in person, that if a witness is subpoenaed to come to court, it is his duty to come, even though he has already given a deposition and all counsel were present at the time, and that the jury could give such weight as they thought it deserved to such failure to respond. A man is bound to obey a subpoena to come to court even though he has already deposed as to his testimony. The finding makes no reference whatever to this incident, and we have no information as to the circumstances beyond that furnished by the charge itself. If a witness, without adequate legal excuse, refuses to obey a subpoena, the fact is a proper one for the trier to note in considering his deposition previously given. The fact that he had already given the deposition, is not a legal excuse for failure to obey the subpoena. General Statutes, §§ 5580, 5584, 5585.

Touching the rate of speed at which the Kolbay car was being driven, the court told the jury they were at liberty to find a greater speed than the Kolbays claimed, from circumstantial evidence, such as the dis-

tance the car went after the brakes were applied, but could not surmise or guess that it was going faster. This was unexceptionable.

The question raised by another assignment, whether the Kolbays were trespassers on the company property, was one affecting only their relation to the company; their duty to the decedent was the same in any event, and the charge that the jury need not pass upon that question was correct. *Gonchar* v. *Kelson,* 114 Conn. 262, 271, 158 Atl. 545. The complaint charged that the decedent was a prospective passenger and therefore an invitee upon the company property, and this was denied. It was, therefore, incumbent upon the court to instruct the jury as to the law governing liability both to a trespasser and to an invitee, since the precise limits of such liability are not the same. There was no error in this regard, and this includes the additional statement that the duty of establishing that the decedent was a prospective passenger and thus an invitee was, under the allegations of the complaint, upon the plaintiff.

The court told the jury that if the decedent was guilty "of even slight negligence which materially contributed to his injuries," there could be no recovery. This is the law in this State. *Walker* v. *New Haven Hotel Co.,* 95 Conn. 231, 237, 238, 111 Atl. 59.

Exception is taken to the statement of the court that a pedestrian walking on that portion of a way customarily used by vehicles must use greater care than when upon a sidewalk, and that this principle must be taken into account in determining the care required of the decedent; the statement was correct. This rule is a sound one and applies equally whether the pedestrian be on a public or a private way.

A witness for the plaintiff admitted on cross-examination that she knew that the coroner held an inquest

at the City Hall following the death of the decedent and that he and the police were looking for all witnesses who knew about the circumstances. Asked why she did not tell her story to them, she replied that she could not answer that. The purpose of the question was not given, and though it was objected to, no ground of objection was stated, and the record does not show that the reason for the objection now urged, was urged in the trial court. So far as appears, it is raised for the first time in this court, and we do not consider it. Practice Book, p. 276, § 151; *Katz* v. *Richman,* 114 Conn. 165, 158 Atl. 219; *State* v. *Manganella,* 113 Conn. 209, 214, 155 Atl. 74; *Welbrot* v. *Levenberg,* 98 Conn. 217, 225, 118 Atl. 911.

A photograph was offered in evidence, purporting to show the locus in quo on April 4th, 1932, the accident having occurred September 24th, 1931. The court excluded it on the ground that it would give the jury a misleading impression as to the conditions on the night of the latter date when the accident occurred. The photograph was properly excluded. A witness testified as to his familiarity with the locus and the condition of artificial light there and added: "I pretty near hit a little girl there one night when the light was out." On objection, the court struck out the latter statement. There was nothing to show that conditions were similar or even approximated those which obtained at the time of the decedent's injury. Though rulings in other jurisdictions are not all in accord, the rule in this State is well settled that in order to constitute a test of a defective condition complained of, the experience of others must be shown to have been "a use and test substantially similar to that of the plaintiff," otherwise the evidence is not admissible. The instance cited clearly falls outside this rule, and the action of the court was proper. *Taylor* v. *Monroe,* 43 Conn. 36, 42;

*Lutton* v. *Vernon*, 62 Conn. 1, 8, 23 Atl. 1020, 27 id. 529; *Antel* v. *Poli,* 100 Conn. 64, 76, 123 Atl. 272; *Tager* v. *Sullivan,* 113 Conn. 417, 419, 115 Atl. 704. The final assignment relates to the testimony of the company's ticket agent who stated that he had examined the location where the accident happened, as to light, and was then asked whether there was a light on the street controlled by the municipality and replied in the affirmative. The plaintiff contended that this did not release the company from its duty to maintain lights. The vital question was as to the degree of light at the place where the accident occurred. If light was supplied from other sources than by lights maintained by the company, the furnishing of light by the latter was to that extent rendered unnecessary. The ruling was proper. It is conclusively found by interrogatory that the decedent was guilty of contributory negligence, and many of the assignments do not call for discussion for that reason. A careful examination of the entire record reveals nothing which can fairly be held prejudicial to the interests of the plaintiff.

There is no error.

In this opinion the other judges concurred.