ADAM KENNEL *v.* SARAH I. KENNEL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 4—decided July 15, 1941.

*Leonard McMahon,* for the appellant (plaintiff).

*Sheldon B. Smith,* for the appellee (defendant).

ELLS, J. The plaintiff's complaint is in two counts, based upon allegations that his daughter, the defendant, fraudulently and by undue influence took advantage of his age, infirmities and incapacity to attend to business, and procured his signature to a writing which she represented to be an order to permit her to withdraw the interest on his savings bank account; that she thereafter withdrew the entire balance and refuses to repay it. The trial court rendered judgment for the defendant and the plaintiff appealed.

The facts found, with such changes as we have made, are as follows: The plaintiff was in his eighty-first year at the time of the trial, but was fully possessed of his faculties, except that he was somewhat deaf; he was rugged for his years. Between 1883 and 1934 he had accumulated a savings bank account, standing in his own name. In later years the interest exceeded his withdrawals. In 1932 his house was burglarized and thereafter he gave the bank book to his daughter, the defendant, for safe keeping. From time to time she withdrew portions of the interest for her father's use, at his request and upon his written orders. In January, 1934, the plaintiff presented to the bank an order written by one of its tellers and signed by himself requiring the bank to transfer the

entire account to the names of the plaintiff and the defendant, payable to either or the survivor. The circumstances attending the drafting of the order and the receipt of it by the bank do not appear in the evidence. The bank wrote the defendant a letter stating it had "received an order from your father and it will be necessary for you to present the book before it can be executed." This was the first intimation the defendant had that her father desired to make any change in the account, nor did she know at that time what change he contemplated making. She went to the bank and surrendered the book; then for the first time she learned of the provisions of the order her father had given the bank. The bank issued a new account in the two names, payable to either or the survivor; it then amounted to $4033.46. Thereafter she drew the interest only, used it for her father's support, and rendered statements each six months showing the interest withdrawals and the items of expenditure. She made no withdrawals for her own purposes. In addition to building up his savings account he had acquired land which he had given to another daughter as a marriage gift, and had acquired a farm upon which he lived with his grandson. The defendant learned that her father had, on April 15, 1939, deeded the farm to the grandson, reserving a life use, and that the plaintiff was making trouble for him concerning the conveyance. Prompted largely by what the grandson had told her about the transfer and his subsequent trouble with the plaintiff, she withdrew the entire account on June 17, 1939, and placed it to her own individual credit. She did this to protect what she deemed was hers, but did not tell her father she had done it. She continued to withdraw the interest and to use it only for her father, and to render him statements.

The plaintiff has demanded the fund, saying that he wished to give it all away.

The trial court concluded that the plaintiff had failed to establish either fraud or undue influence. This was fully warranted, unless the plaintiff's claim is sound that there is a legal presumption that no gift was intended, which the defendant did not overcome by evidence. He cites authority to the effect that the mere opening of a joint account, each having an equal right to draw, does not, in and of itself, establish a gift, and that "Where the deposit by a person is in the name of himself and another, not his wife, the presumption is that it was done for the purposes of convenience only, and this presumption is strengthened by the illness or infirmity of the depositor." 28 C. J. 664. This is not a case where the only evidence is that the plaintiff put the account in both names. There were many circumstances from which the court could reasonably conclude that the plaintiff's purpose was to make a gift. It clearly stated its conclusion, as follows: "The proof of the actual facts destroyed any presumption that, because of the relationship of the parties, there was no intention to make a gift." This was a conclusion which the court could fairly draw from the evidence, and we cannot disturb it.

The trial court found that the plaintiff's purpose was to make a gift to the defendant, reserving to himself the use of the income so long as he lived, and that this was in conformity with his attitude toward his grandson and his other daughter, and one which might naturally be expected from him, considering his affection for the defendant, his age, the many years of care the defendant had given him, and the meagreness of his own financial requirements. We have no need to consider the correctness of that conclusion. The court gave the plaintiff an opportunity to amend the com-

plaint so as to raise the question of the defendant's right to transfer the account into her own name without the plaintiff's consent, but the plaintiff elected to stand on an appeal from the judgment on the fraud and undue influence counts, and he may justly be confined to them.

Counsel for the plaintiff objected to the admission in evidence of the letter from the bank to the defendant, mentioned above, on the ground that it was hearsay. The letter was admissible, not as evidence of the truth in the statement that the bank had received an order from the plaintiff, but as one step in the transaction by which the account was transferred, and to corroborate the evidence of the defendant as to the way in which that transfer came about. *Bushnell* v. *Bushnell*, 103 Conn. 583, 595, 131 Atl. 432; *Banks* v. *Warner*, 85 Conn. 613, 617, 84 Atl. 325.

There is no error.

In this opinion the other judges concurred.