THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY vs. FREDERICK C. OPPER, ADMINISTRATOR, ET AL.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A husband assigned a life insurance policy upon his life, payable to his executors, administrators, or assigns, to his wife, and subsequently she released her interest to him by written instrument reciting that the consideration which she had given for the assignment to her had been fully paid and satisfied. *Held* that upon the husband's decease his administrator was entitled to the insurance money.

The trial court is not bound, as matter of law, to believe the testimony of an unimpeached witness, even where it is uncontradicted and unaffected adversely by any other evidence; much less so, where, as in the present case, there is evidence having an adverse tendency or effect.

Argued October 14th—decided December 5th, 1902.

ACTION of interpleader, brought to the Superior Court in Hartford County and tried to the court, *Thayer, J.;* facts found and judgment rendered in favor of Opper, administrator, and appeal by Matilda C. Koch, another respondent, for

alleged errors in the rulings and findings of the court.  *No error*.

The case is sufficiently stated in the opinion.

*Charles E. Gross*, for the plaintiff.

*Theodore M. Maltbie*, for the appellant (Mrs. Koch).

*George G. Sill* and *Thomas G. Vail*, for the appellee (Frederick C. Opper, Admr.).

TORRANCE, C. J.  This action was brought to determine the ownership of a sum of money due from the plaintiff upon a policy of life insurance issued by it, in December, 1894, on the life of Charles Koch, deceased.   By the policy the plaintiff agreed to pay, at the death of Koch, to his executors, administrators, or assigns, the sum of $3,000.   Three parties claimed the fund on the death of Koch: his widow, Matilda Koch, by virtue of an assignment from the deceased in his lifetime; F. C. Opper, the administrator of the deceased; and Arthur P. Moore, the receiver of the estate of the deceased, appointed as such by the Superior Court prior to the death of said Charles Koch.

Upon the facts found, the court held that the administrator was entitled to the fund, and rendered judgment accordingly. From this judgment the widow alone appeals.   She claims that, upon the facts found, coupled with certain facts which she claims the court ought to have found but did not, the judgment should have been in her favor.

The controlling facts in the case, as found by the court, are in substance these: In November, 1896, Charles Koch made a valid assignment of said policy to his wife Matilda. At that time Koch was insolvent, and had, a month or two before that time, made an assignment in insolvency.   Afterwards, in October, 1898, and before said proceedings in insolvency had terminated, Koch took the benefit of the United States bankrupt law, and received his discharge prior to December, 1899.   On the 11th day of December, 1899, said

Matilda released her interest in said policy, by a writing signed by her, in which, among other things, she said: "The consideration for which the above policy was assigned to me has been fully paid and satisfied, and I hereby relinquish all interest in said policy." On the same day, at the request of Koch, the plaintiff made to him a loan of $640, upon the value of said policy, and, to secure the payment of said loan, took from Koch his promissory note for the amount of the loan, payable to the plaintiff with interest, and a surrender of said policy conditioned upon the payment of the amount of said note and interest. All the premiums on the policy were paid by Koch, except the last one due June 3d, 1900. About two months before that date Koch left home, and his whereabouts were unknown, until his death by suicide in New York on June 29th, 1900. The premium due June 3d, 1900, was paid by his wife, and this saved the policy from lapsing.

Upon these facts the court decided that the administrator of Koch was entitled to the fund; and upon these facts the decision was clearly right.

But the appellant claims that other facts were proven in the case, which the court refused to find, and which, if found, would entitle her to the fund; and the principal question upon this appeal is whether the trial court erred in refusing to find those facts. The record upon this point is as follows: "Upon the trial said Matilda C. Koch claimed that she released her interest in said policy simply to enable her husband to secure said loan, and upon his promise to redeem it and reassign it to her before the next premium became due; but the court did not find the fact to be so." It appears from the briefs of both parties that the testimony of the appellant, in support of these claims of hers, was objected to by the administrator, but the court admitted the evidence. The question whether that evidence was admissible or not, is not raised upon the record, and upon that question we express no opinion.

The appellant contends that the facts above stated, which the court refused to find, were proved by her own testimony

in the case as it appears upon the record; that the trial court erred in not finding them from that evidence; and that this court should correct the finding by putting into it those facts. The broad claim is made that if the testimony of an unimpeached witness stands uncontradicted and unaffected adversely by any evidence in the case, the trial court is bound to believe it, and commits an error in law if it does not. This is not so. Even in such a case the trial court is the final judge of the credibility of a witness. *McGann* v. *Sloan*, 74 Conn. 726. But the case at bar is not like the case supposed. Here there was evidence in the case bearing adversely upon the testimony of the appellant, and in the certification of the evidence upon the record the court states the nature of the adverse evidence but does not set it out. The court says that all this evidence had a bearing adversely upon the testimony of the appellant, and was taken into account by the court in failing to credit her oral testimony. The record thus shows that the finding of which the appellant complains was made by the trial court upon conflicting evidence, and does not show that in so finding the court committed any error of law.

There is no error.

In this opinion the other judges concurred.