GEORGE A. BOUGHTON, TRUSTEE, *vs.* HENRY I. BOUGH-
TON.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An appellant who seeks to have a finding corrected under General Stat-
utes, § 797, should ask for the desired correction in his assignment
of errors.

In the present case the appellant, instead of asking for a correction of
the finding, alleged error upon the part of the trial court in finding
a certain fact without any evidence. *Held* that inasmuch as the
purpose was clear and the appellee could not have been misled, the
appellant ought not to be deprived of his remedy.

The evidence reviewed and *held* to afford no basis for the finding of the
trial court to the effect that the defendant had acknowledged the
alleged indebtedness within six years next before the commence-
ment of the action and had, within said period, promised payment
thereof.

In order that part payment may be effective to remove the bar of the
statute of limitations, it must appear not only to have been made
on account of an indebtedness but also on account of the very debt
for which the action is brought, and also under such circumstances
as would warrant the jury in finding an implied promise to pay the
balance.

Under a complaint which seeks to recover for the use and occupation
of real estate either at an agreed, or a reasonable, monthly rate,
the plaintiff cannot avoid the statute of limitations and recover
upon the theory of a tenancy from year to year with annual pay-
ments due at the end of each year.

Argued April 19th—decided June 14th, 1904.

ACTION to recover rent, brought to and tried by the Supe-
rior Court in New Haven County, *Elmer, J.;* facts found
and judgment rendered for the plaintiff for $1,025, and ap-
peal by the defendant. *Error and cause remanded.*

The plaintiff and defendant are brothers. Their father
died in 1891 possessed of certain real estate in Waterbury,
upon which was a two-tenement dwelling-house. At the
time of the father's death the defendant was, and for some
time had been, occupying said premises under the under-

standing that he was to pay a reasonable rent therefor. He has since continued to reside in the lower tenement during all the period covered by the present controversy. He has personally paid no rent, and none has been paid for the lower tenement. The upper tenement, since shortly after the father's death, has been occupied by other parties, and the rent therefor paid to the plaintiff by the occupants. For the three years subsequent to April 1st, 1895, the occupant of the upper tenement was the defendant's son-in-law, one Birkenmeyer. The plaintiff was one of the executors of his father's will, and by said instrument was made trustee to manage said land and house, collect the rents thereof and pay over the same to the widow of the deceased during her life. He qualified November 2d, 1891. Mrs. Boughton died November 3d, 1896. April 25th, 1900, the present action was brought to recover the reasonable worth of the use and occupation of the entire premises from said November 2d, 1891, to February 3d, 1900, the amounts paid by said son-in-law being credited. The defendant, among other defenses, pleaded the statute of limitations, to which the plaintiff replied alleging acknowledgments and new promises removing the bar of the statute.

The court ruled that the plaintiff was not entitled to recover for any period of time subsequent to Mrs. Boughton's death ; and from this ruling the plaintiff has taken no appeal. The trial court found that shortly after the plaintiff's qualification the defendant promised him to pay him what the use and occupation of the premises were reasonably worth, and that the defendant's use thereof from November 2d, 1891, to November 3d, 1896, was reasonably worth $1,025. It also found that " the defendant acknowledged that he owed the plaintiff for said use and occupation within a period of six years next before the commencement of this action, . . . and promised the plaintiff on two or three occasions within said period that he would pay the plaintiff for his use and occupation of said premises." It marked as " Not proven " the paragraph of the defendant's draft finding as follows : " The defendant made no other payment or acknowledgment of

his own indebtedness or obligation to pay the rent of the premises, except that of these payments made by said son-in-law." Judgment was rendered for the plaintiff to recover said sum of $1,025.

*John O'Neill*, for the appellant (defendant).

*Terrence F. Carmody* and *Charles W. Gillette*, for the appellee (plaintiff).

PRENTICE, J. Judgment was rendered for the plaintiff to recover rent for a considerable period of time prior to six years before the commencement of the action. This, under the pleadings, involved the finding of an acknowledgment or new promise on the defendant's part within the six years. Such finding the court made. The defendant in his reasons of appeal seeks to attack this finding, (1) as involving a conclusion of mixed law and fact of such a character as to show either a misconception of the law or a misapplication of it to the facts found; and (2) as involving conclusions of fact without evidence.

In so far as the latter claim is concerned, the plaintiff contends that the defendant has, in the manner of his appeal and presentation of the evidence and rulings, so failed to comply with the statutory requirements that he has no standing to have corrections of the finding made by this court. The defendant clearly has sought to pursue the course of procedure permitted by § 797 of the General Statutes. That he has not in all respects correctly pursued it is doubtless true, as the plaintiff claims. He has in his reasons of appeal asked for no corrections of the finding as the statute contemplates and as good procedure dictates that he should. Instead, he has predicated error upon the finding of the defendant's acknowledgments without evidence. The purpose of the defendant, however, is clear, and as the plaintiff cannot have been misled, we are not disposed, in the absence of a judicial construction of the statute, to deprive the former by its strict enforcement of the rights and remedies which were his.

An examination of the record discloses that there was no basis in evidence for the finding of an acknowledgment or new promise within the six years, except such as was furnished by the payments of rent by the son-in-law, and such evidence as there was of a direct verbal promise by the defendant. To the latter the court, judging from its memorandum of decision, seems not to have attached any importance. The finding, however, gives the plaintiff the benefit of something not arising from Birkenmeyer's payments, which something must by necessary inference, in view of the evidence, have been verbal promises. We have failed to discover any evidence which could be regarded as furnishing even a scintilla of proof of such a promise to pay arrearages of rent made within the six years. One or two vague and general statements of the plaintiff to the effect that the defendant " always agreed to be responsible for it from the time he had the first talk with him," and that he " always said he would pay," are pointed out as supplying such proof. In the first place there is no certainty as to the time covered by the statements, and in the next place the evidence plainly refers to the disputed obligation to pay rent at all rather than to arrearages.

There remains to be considered the payments by Birkenmeyer as justifying the finding of acknowledgments and promises. Birkenmeyer moved into the house on or about April 1st, 1895, and remained there three years. He paid monthly the current rent for his occupancy at the rate of $12.50 per month. He never paid any other sum or sums, and as an inevitable consequence never paid anything upon any other account or for any other purpose. The plaintiff claims from the finding that Birkenmeyer was the tenant of the defendant and made the payments at the latter's request and on his behalf. If we so assume, and carry the assumption to the full length of regarding Birkenmeyer as the defendant's *alter ego*, the plaintiff will not be helped out of his difficulty. That portion of the plaintiff's demand which is affected by the operation of the statute was eleven months old when Birkenmeyer became a tenant. Payments made

for his occupancy as they became due were not payments upon account of the old obligation for accrued arrearages, and could by no legal possibility be given the effect of acknowledgments of such old obligation. They were not payments upon account. They were in satisfaction of newly-accruing demands and were specifically so paid and received. In order that part payment may be effective to remove the bar of the statute, it must appear not only to have been made on account of a debt but also on account of the debt for which the action is brought, and that it was made as a part of a larger indebtedness and under such circumstances as would warrant a jury in finding an implied promise to pay the balance. Wood on Limitation of Actions, § 97. The payments made in this case were not such as to afford the basis of an inference of an admission that a greater debt was due, or an implication of a promise to pay any balance. The court, therefore, must have misconceived or misapplied the law in making its finding.

The plaintiff in his brief makes the ingenious contention that he is entitled to recover the amount of three annual payments, even if it be held that the bar of the statute has not been removed. The argument to this end is as follows : The defendant was a tenant at will. A tenancy at will under an agreement to pay rent becomes in legal contemplation a tenancy from year to year. In tenancies from year to year, where no times of payment are stipulated, the presumption is in favor of annual payments and that these payments are not payable until the end of the year. This claim, assuming it to be well made, meets the practical difficulty that there is nothing in the facts to indicate what are the terminal days of the defendant's tenancy. The plaintiff assumes that November 2d, 1891, marked its beginning. The finding leaves this more than doubtful. Beginning with some uncertain date in the father's lifetime the defendant has been continuously occupying as a tenant at will with the agreement to pay a reasonable rent. The plaintiff trustee found this situation. To the latter, the existing agreement to pay a reasonable rent was repeated. If any new status was

created the finding fails to disclose how or when.   Furthermore, the complaint is not framed to support a recovery upon any such theory.   It seeks to recover for use and occupation either at an agreed monthly rate or a reasonable rate.

Upon the complaint and facts found the plaintiff is entitled to recover the reasonable value of the defendant's use and occupation of the premises from and after April 25th, 1894, and no more.

There is error and the cause is remanded for a reassessment of damages.

In this opinion the other judges concurred.