JAMES DENNISON ET ALS. vs. THE WATERVILLE
CUTLERY COMPANY.

Third Judicial District, Bridgeport, April Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An appellant who seeks to have a finding corrected under General
Statutes, § 797, should ask for the desired correction in his as-
signment of errors.
Assignments of error, that the court erred and mistook the law in
finding without evidence a certain fact, or in refusing to find
as requested a fact, are not sufficient requests for the desired
correction to entitle the appellant to a, correction under General
Statutes, § 797.
The ultimate question upon an appeal, is, did the court upon the find-
ings of fact as corrected, if corrected, or upon the finding as it
stands, if not corrected, commit any error of law, properly assigned,
which was harmful to the appellant?
The purpose of making all the evidence and rulings a part of the record,
under § 797 of the General Statutes, is to enable the correction of
the record so as to fairly present those questions which the ap-
pellant in his request for a finding states that he desires to have
reviewed.
An appellant cannot properly assign an error in a ruling on evidence
appearing in the evidence and rulings printed under § 797, unless
he has stated in the request for a finding his desire to have such
ruling reviewed.

Submitted on briefs April 15th—decided June 2d, 1908.

ACTION to enforce the delivery of shares of capital
stock, and to recover damages for breach of contract,
brought to and tried by the Superior Court in New Haven
County, *Gager, J.;* facts found and judgment rendered for
the defendant, and appeal by the plaintiffs. *No error.*

*Michael J. Byrne,* for the appellants (plaintiffs).

*Nathaniel R. Bronson,* for the appellee (defendant).

THAYER, J. The plaintiffs requested the trial judge. to
make a finding of facts, and, after the finding had been
filed, instead of proceeding to have the same corrected,

under §§ 794, 795 and 796 of the General Statutes, they caused the entire evidence and rulings in the case to be certified as a part of the record, pursuant to General Statutes, § 797.

Among the reasons of appeal they assign as error the refusal of the judge to find certain facts as requested, and his finding, without evidence as they claim, of certain other facts. A correction of the finding is not asked for either in the reasons of appeal or in the brief which has been submitted on the part of the plaintiffs. The purpose of § 797 is to provide a method of correcting the finding additional to those provided in the three preceding sections of the statute, and not only does it contemplate, but good procedure dictates, that the corrections shall be asked for in the reasons of appeal. *Boughton* v. *Boughton*, 77 Conn. 7, 9, 58 Atl. 226. The fact that the court erroneously found, or neglected to find, some fact, does not entitle an appellant to a new trial. Notwithstanding such error the final judgment may be right. The ultimate question upon an appeal, is, did the court, upon the findings of fact as corrected, if corrected, or upon the finding as it stands, if not corrected, commit any error of law, properly assigned, which was harmful to the appellant? In *Boughton* v. *Boughton*, 77 Conn. 7, 58 Atl. 226, where it appeared that the appellant was attempting to pursue the course of procedure contemplated by the statute, and that the appellee was not harmed by the failure to ask for a correction of the finding, the appellant was not deprived of his right to a correction by a strict enforcement of the statute. In the present case it is not clear from the appeal, and the brief in support of it, that the plaintiffs are seeking a correction of the finding. If so, they are not entitled to such correction, for an examination of the record shows that the findings and refusals to find, to which exceptions are taken, were justified by the evidence.

The plaintiffs also assign as error certain rulings upon evidence which appear in the transcript as certified, but do not appear in the finding. The court's neglect to find

that such rulings were made is not assigned as a reason of appeal. It could not properly be, because the plaintiffs, as the statute requires, filed with their request for a finding a statement of the questions of law which they sought to have reviewed, and no questions of evidence were among them. The finding, therefore, properly presents no such questions, and the plaintiffs cannot complain of the finding in this respect, or ask this court to correct the finding as to a point concerning which they have no just complaint. But they assume that as the rulings now appear upon the record they may predicate error thereon in their appeal. The record on appeal is intended to include only the facts and rulings necessary to properly present those questions of law which the appellant, at the time of requesting a finding, states that he desires to have reviewed. The purpose of making all the evidence and rulings a part of the record, under General Statutes, § 797, is to enable the correction of the record so as to fairly present those questions. It gives the appellant no right to raise other questions upon rulings which may thus appear on the record. As the plaintiffs did not in their statement claim these questions of evidence for review, and did not in the court below seek to amend their statement of claims, they cannot now properly assign error in these rulings as reasons of appeal.

Apart from the questions of evidence and those relating to the finding, the only question argued in the plaintiff's brief is whether one partner has implied authority to sell out the partnership business. The finding of the court that all of the plaintiff partners took part in the negotiations, and that while one of them was the active man in negotiating the sale " the final settlement of the terms of the contract were with the knowledge, consent and approval of the remaining partners," removes this question from consideration.

There is no error.

In this opinion the other judges concurred.