MYRON R. DURHAM vs. CHARLES E. LAROM ET AL.

*First Judicial District, Hartford, October Term, 1920.
. WHEELER, C. J., BEACH, CASE, CURTIS and BURPEE, Js.

An appellant who has made no request for a correction of the finding
is not entitled to have it corrected by this court; and therefore
cannot resort for that purpose to a transcript of the evidence
printed in the record.

In the present case this court, waiving the technical insufficiency of
the steps taken by the appellant, reviewed the evidence upon its
merits and upheld the conclusion reached by the trial court: that
the injury to the plaintiff's yacht was due to his own negligence in
leaving it helpless and unprotected against an apparently inevitable
collision with the defendants' yacht, which was dragging its anchor
in a brisk wind and bearing directly down upon the former.

Submitted on briefs October 6th—decided December 22d, 1920.

ACTION to recover damages for injuries to the plaintiff's yacht through a collision alleged to have been caused by the defendants' negligence, brought to and tried by the City Court of New Haven, *Caplan, J.;* facts found and judgment rendered for the defendants, from which the plaintiff appealed. *No error.*

The substance and material part of the finding is that the plaintiff and defendants were the respective owners of two small pleasure yachts, each of which had a summer mooring or anchorage at Morris Cove, on the eastern shore of New Haven harbor, during the season of 1916. On the afternoon of the 16th of September of that year, the plaintiff's son was in charge of the craft involved here, *Sachem*, and aided by a boy friend had taken the boat down the Sound on a pleasure sail. They returned at about 5:30 p. m. and picked up their mooring at Morris Cove. The wind was blow-

*Transferred from the third judicial district.

ing fresh from the southwest at this time, and as they reached *Sachem's* mooring and were preparing to make her secure, they observed that *Georgianna*, the defendants' yacht, a somewhat larger boat than *Sachem*, was anchored directly to windward of their own mooring, one hundred and fifty or two hundred feet away, and was dragging her anchor and drifting straight with the wind upon *Sachem*. Durham thereupon took his small boat and went aboard *Georgianna* where he "tampered with the anchoring device." He then returned to *Sachem*, and almost at once the drifting of *Georgianna* —which had momentarily stopped as a result of Durham's attention to the anchor chain—began again with increased speed, and she bumped stern on into *Sachem*, lying head to the wind and unable to avoid the collision, and did material damage as described in the complaint.

Upon these facts the court found that the defendants were without negligence, and that the negligence of the plaintiff was responsible for the injury.

The appeal complains, under various heads, of the alleged error of the trial court in reaching the conclusion that the plaintiff's negligence was responsible for the injury, and attempts to challenge the correctness of the court's conclusion upon certain material matters of fact essentially involved in that conclusion; but no effort has been made by motion or otherwise to correct the finding in any respect.

Upon motion the evidence has been certified and made a part of the record as upon proceedings under General Statutes, § 5832.

*Frank Kenna*, for the appellant (plaintiff).

*Hadlai A. Hull, Frank L. McGuire, Charles Hadlai Hull* and *Arthur B. O'Keefe*, for the appellees (defendants).

CASE, J.  Although the record embraces a transcript of all the testimony, this is not strictly available for our use or enlightenment, as the case has been brought to us.  The finding confessedly warrants the judgment, and nothing on the record gives us authority to meddle with it.  Our practice has long been settled upon this point, and the course to be pursued, by one who seeks a correction of material facts upon which the judgment rests, has been clearly defined in our decisions.  *Dennison* v. *Waterville Cutlery Co.*, 80 Conn. 596, 597, 69 Atl. 1022; *Boughton* v. *Boughton*, 77 Conn. 7, 9, 58 Atl. 226.  The plaintiff is without standing here, since he wholly ignores the vital initial step of asking a correction of the finding as a warrant for the ultimate correction of the judgment.

With the record before us, however, we are reluctant to leave this disposition of the case open to the inference that the appeal must have prevailed upon its merits but for the technical insufficiency of the steps taken to get it here.  This is not so.  The result must have been the same were we permitted to use the certified evidence for the conclusive purpose of its submission on the record.

The trial court could only have found upon the testimony that when the young men in charge of *Sachem* brought her to her moorings that afternoon, a stiff breeze was blowing straight out of the southwest; that while they were stowing sail, they saw *Georgianna*, anchored not more than two hundred feet dead to windward, drag at her anchorage and drift straight down upon them; that young Durham at once went aboard *Georgianna* in *Sachem's* small boat, and in an effort to stop the drifting, paid out some feet of *Georgianna's* anchor chain.  When this slack had been taken up, the drifting for the moment stopped, and Durham at once returned to *Sachem*, when, while the work of

making that yacht snug was proceeding, *Georgianna* again dragged her anchor, and bore down upon and collided with *Sachem,*—the latter by this time having been put in a position where prompt action on her part to escape collision was impossible.

Quite apart, therefore, from any question of negligence on the part of the defendants—which may or may not present other considerations,—it is obvious that the court must have found, upon these facts, the plaintiff guilty of negligence essentially chargeable with the injury. Clearly neither *Sachem's* time of peril nor her need for watchful caution to avert it, was limited to the actual interval that she lay helpless in the lee of the drifting *Georgianna.* It did not pass until there was the plainest ground for believing that the mere emergency measure of young Durham for checking the dragging of *Georgianna's* anchor was effective. The momentary check of the boat's drift when the paid-out slack of the chain had been taken up, was obviously not enough to settle that point, and the court's conclusion is obviously justified by the plain lack of care which this view of the facts exposes, in leaving *Sachem* helpless and unprotected against a peril of which they had been amply warned, before they had ground for assuming that the peril had been overcome or removed.

There is no error.

In this opinion the other judges concurred.