THE EASTERN BURLAP BAG COMPANY *vs.* C. M. SHAY FERTILIZER COMPANY ET AL.

First Judicial District, Hartford, March Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In an action for goods sold and delivered, the trial court found that the plaintiff sold and delivered the goods in question to one of the two defendants, and this defendant appealed. *Held* that as

the court made its conclusions from conflicting evidence logically, reasonably, and in accordance with the principles of law, its finding was final.

Argued March 9th—decided April 5th, 1921.

ACTION to recover for merchandise sold and delivered, brought to and tried by the Court of Common Pleas in Hartford County, *Dickenson, J.;* facts found and judgment rendered for the plaintiff for $472 against the Shay Fertilizer Company, from which that defendant appealed. *No error.*

*Charles Hadlai Hull,* for the appellant (defendant Shay Fertilizer Company).

*Abraham S. Bordon,* for the appellee (plaintiff).

BURPEE, J. This action—on the common counts for goods sold and delivered at an agreed price stated in a bill of particulars—the plaintiff brought against two defendants. The defendant, called C. M. Shay & Company answered by a general denial. The other defendant did not appear. The record shows that it was admitted on the trial that the plaintiff made the bargain and sold and delivered to one of the defendants the goods described, and that the only question raised was whether C. M. Shay & Company was that defendant. No question of law was raised. Upon the evidence, the trial court found this issue of fact in favor of the plaintiff. In this appeal, the appellant asks the court to examine the evidence and decide that the conclusions of the trial court were wrong. The powers of that court and the province of this court on appeal have been so fully explained in recent cases that they should no longer be misunderstood or misinterpreted. *Bell* v. *Strong,* 96 Conn. 12, 112 Atl. 645; *Plum Trees Lime Co.* v. *Keeler,* 92 Conn. 1, 101

Atl. 509; *Johnson* v. *Shuford*, 91 Conn. 1, 98 Atl. 333; *Seward* v. *Seward & Son Co.*, 91 Conn. 190, 99 Atl. 887.

An examination of the record in this appeal demonstrates that the trial court, upon the conflicting evidence, logically, reasonably and in accordance with the principles of law, made the conclusions and inferences stated in its finding. Therefore, they are final. The finding cannot be corrected as the appellant requests.

In its reasons of appeal the appellant further asserts that the trial court erred in overruling certain so-called claims of law made by the appellant concerning the judgment to be rendered. These are not really claims of law, but claims of fact. The single question raised by the pleadings and presented on the trial was whether the contract of sale on which the action was brought was made by the plaintiff and the defendant appellant. Bearing on this question, evidence concerning subordinate facts was introduced, by which the defendant appellant, while admitting that the plaintiff made a contract of sale and delivered the goods, attempted to show that the transaction was with the other defendant. Considering this evidence, the trial court has made a finding of facts which is not contrary to or unsupported by the subordinate facts which it might have found from the evidence. The only possible claim of law which could be made in such circumstances is that the court did not reach its conclusion logically, reasonably, and legally. Examination of the evidence makes it plain that such a claim has no foundation. For instance, C. M. Shay, the president of each of the defendant companies, admitted in his testimony that he verbally made this contract, but stated that he was acting as the agent, not of the defendant appellant, but of the other defendant, and so informed the plaintiff. The plaintiff denied this statement. C. M. Shay further admitted that he dictated a letter confirming

the contract and giving directions for the delivery of the goods, but he testified that he was then acting for the other defendant, and that this letter was by mistake written upon the stationery and under the heading of this defendant and signed "The C. M. Shay Co., C. M. Shay, Pres." No evidence was offered to support or contradict his statement concerning such a mistake. But the court was not bound, as a matter of law, to believe this testimony. *Phœnix Mutual Life Ins. Co.* v. *Opper*, 75 Conn. 295, 53 Atl. 586. It was within the province solely of the trial court to weigh all the testimony and decide what the subordinate facts were, and to determine what effect this decision should legally have upon the determination of the main question. With a determination thus made this court will not interfere.

There is no error.

In this opinion the other judges concurred.