JOHN W. HINE *vs.* PETER J. MCNERNEY.

Third Judicial District, New Haven, January Term, **1922**.
WHEELER, C. J., BEACH, CURTIS, BURPEE and WEBB, Js.

Our statutes (§§ 5820, 5833) require a distinct or specific assignment
    of the errors complained of by an appellant; and therefore one
    which merely states that the trial court erred in rendering judgment
    for the plaintiff, is too general, and will be disregarded.
Alleged "claims of law" which are in reality only claims of fact deducible
    from the evidence, are not available as legitimate reasons of appeal.
An appellant who has made no request for a correction of the finding
    in his reasons of appeal, is not entitled to have it changed by this
    court, even though the evidence be printed as part of the appeal
    record.
Not only will this court refuse to retry a case upon the facts, but it
    will not correct a finding unless the record discloses that the find-
    ing includes, as facts, matters of which there was no evidence, or
    that it fails to include admitted or undisputed facts. The deter-
    mination of the trial court on conflicting evidence, or on the weight
    or effect of evidence, will not be disturbed.
A ground or basis for an alleged error which was not referred to in the
    pleadings nor in the brief or argument of the appellant in this
    court, is not entitled to consideration.

Argued January 24th—decided March 29th, 1922.

ACTION of replevin for the possession of a motor-
truck, brought to and tried by the Court of Common
Pleas in New Haven County, *Booth, J.;* facts found
and judgment rendered for the plantiff, and appeal
by the defendant. *No error.*

The complaint alleges that on March 9th, 1920, the
plaintiff sold and delivered a motortruck to John
LaFrance under a conditional bill of sale in writing,
which was recorded four days later, a copy of which
was annexed as Exhibit A; that LaFrance failed to
make the payments which, by the conditions of the
sale described in this bill, became due on November
1st, 1920, December 1st, 1920, and January 1st, 1921,

Hine *v*. McNerney.

when the last payment was due; that thereafter the plaintiff tried to take possession of the motortruck, but found it in the hands of the defendant, a deputy-sheriff, who was holding it under attachment in an action in which The L. J. Carroll Motors Company was plaintiff and one Albert Grant defendant; and that after demand made upon him, the defendant wrong-fully detained the motortruck from the plaintiff, who is the owner thereof and entitled to its possession.

The defendant denied these allegations, except his detention of the truck under the attachment; and in a second defense he set up that Albert Grant on March 9th, 1920, and at all times thereafter, was the owner of the motortruck, and that the pretended sale and delivery of the truck by Grant to the plaintiff and by the plaintiff to LaFrance, on March 9th, 1920, were not made in good faith but solely for the purpose of hindering and delaying the creditors of Grant in col-lecting their debts from him and of defrauding Grant's creditors.

The plaintiff's reply denied all the allegations of the second defense.

The court found these issues for the plaintiff and rendered judgment that he retain possession of the replevied motortruck.

*Harry A. Goldstein*, for the appellant (defendant).

*David M. Reilly*, for the appellee (plaintiff).

BURPEE, J. For reasons of appeal, the appellant de-fendant states four errors of which he complains.

The first is that the court erred in rendering judg-ment for the plaintiff. He does not "state the special errors complained of distinctly," nor "the decision of the court upon any question or questions of law

arising in the trial" by which he thinks himself aggrieved. General Statutes, §§ 5820, 5833. Such an assignment does not meet the requirements of these statutes; it is too general, and will be disregarded. *Harper Machinery Co.* v. *Ryan-Unmack Co.*, 85 Conn. 359, 363, 82 Atl. 1027. "This is a sort of blanket objection which this court will not consider." *Fagerholm* v. *Nielson*, 93 Conn. 380, 387, 102 Atl. 333.

The second reason assigned is that the court erred in overruling the defendant's claims of law numbered 1 to 8 and 12 to 16 inclusive, as they appear in the finding. Of these, all but one are not really claims of law. During the trial the defendant undertook to establish his second defense by evidence sufficient to prove the necessary facts; and concerning the judgment to be rendered, he made certain claims which related to the sufficiency of the evidence to prove those facts. The trial court overruled these claims, and on the evidence found that the things depended on by the defendant were not facts, and that certain things disputed by him were facts. No question of law was presented to the trial court to decide. The overruling by the trial court of claims concerning facts to be found on the evidence, will not be regarded by this court as legitimate reasons of appeal.

In the third assignment of error the defendant complains that the court erred in finding all the principal facts stated in the finding without evidence and contrary to the weight of evidence; and in the fourth assignment, in refusing to find as facts substantially all of the matters set forth in the thirty-six paragraphs of his draft-finding. To support these complaints, he has caused the evidence in the case to be made a part of the record on this appeal. But he has not asked for any correction of the finding in the reasons of appeal. There is nothing in the record that gives

this court authority to change the finding, and as it stands it unquestionably warrants the judgment. Since the appellant has neglected to take the necessary preliminary step of asking a correction of the finding as a warrant for the correction of the judgment, he has no standing in this court. *Durham* v. *Larom,* 95 Conn. 475, 111 Atl. 832. "In the absence of an assignment of error presenting the claim for a correction of the finding, this court will not consider the correction of the finding even though the evidence be filed under § 5832." *Hartford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 254, 116 Atl. 186.

But if we were to disregard the defendant's neglect to observe the long-settled procedure necessary to present such an appeal to this court, it by no means follows that this appeal would have prevailed. In effect the defendant requests this court, taking the evidence made a part of the record, to try the case again on the issue of fact, and to prefer and accept his inferences and conclusions in place of those of an impartial and trained trial court. It has been distinctly and repeatedly declared that this court will not consider such requests, and will not correct a finding of facts unless the record discloses that it includes matters found to be facts without evidence, or fails to include material facts which were admitted or undisputed. The determination of the trial court on conflicting evidence, or on the weight or effect of evidence, will not be disturbed. The powers and functions of the trial court, and of this court on appeal, could hardly be misunderstood or misinterpreted in the light of our decisions on these subjects. See *Eudakaitis* v. *St. George's Lithuanian Soc.,* 87 Conn. 1, 3, 86 Atl. 562; *Eastern Burlap Bag Co.* v. *Shay Fertilizer Co.,* 96 Conn. 139, 113 Atl. 151; *Killian* v. *Bolster,* 96 Conn. 693, 695, 115 Atl. 469. An examination of the record in

the present case would demonstrate convincingly that the finding states no fact which was contrary to or without evidence, nor any conclusion reached illogically, illegally, or unreasonably.

The only question of law presented in this appeal was raised upon the fact that the title to the truck had been transferred to the plaintiff by an assignment written on a recorded conditional bill of sale by the person who had succeeded to the rights of the original vendor, and that this assignment was not dated, witnessed, acknowledged or recorded, and was therefore void. This defense is not set up in the answer, and this reason of appeal was not referred to in the brief or in the argument of the defendant before this court. It need not be considered.

There is no error.

In this opinion the other judges concurred.