## MARY BARKER *vs*. FREDERICK R. CURTIS, EXECUTOR.

First Judicial District, Hartford, March Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE AND KEELER, JS.

In the absence of an assignment of error presenting a claim for a correction of the finding, no correction of it will be made by this court.

An allegation in the assignments of error that the trial court erred "in holding and finding" this and that, does not properly present a claim for a change of the finding as made, but is practically a request to this court to try the case over again upon the same issues of fact and upon the same evidence that were submitted to the trial court—an undertaking beyond the jurisdiction of this court.

This court will not correct a finding unless the record discloses that the finding includes, as facts, matters as to which there was no evidence, or that it fails to include admitted or undisputed facts. The determination of the trial court upon conflicting evidence, or on the weight or effect of evidence, will not be disturbed.

The trial court ought not to certify the evidence upon an appeal which is plainly defective.

Submitted on briefs March 6th—decided April 4th, 1923.

ACTION to recover for personal services rendered for the defendant's testator during an illness of about three years before his decease, brought to and tried by the Superior Court in Hartford County, *Brown, J.;* facts found and judgment rendered for the plaintiff for $890, and appeal by the defendant. *No error.*

*William F. Henney,* for the appellant (defendant).

*Francis H. Parker* and *Edward L. Steele,* for the appellee (plaintiff).

BURPEE, J. The complaint alleged, and the answer denied, that the plaintiff, at the request of the defendant's testator, rendered services in nursing and caring for him during three years of sickness; that he promised

to pay the plaintiff what her services were reasonably worth; and that they were reasonably worth $2,000. After hearing, the trial court found these issues for the plaintiff. It was admitted that neither the defendant's testator nor the defendant has paid anything for these services.

Upon the trial the defendant made certain claims, called claims of law, which in substance were that there was "no contract relation," nor "special contract," nor "express contract", between the defendant's testator and the plaintiff to compensate her for her services in nursing and caring for him; and that the plaintiff could not recover upon an implied contract to pay for such services. Notwithstanding these claims, the trial court rendered judgment for the plaintiff, and upon the defendant's request, after notice of appeal, made a special finding of facts. Among these it is stated that the testator, being in helpless condition, requested the plaintiff to take care of him and to assist in nursing him, and promised her, if she would do so, to compensate her for such services, although the sum to be paid was not definitely fixed; and that the plaintiff assented to his request, and in compliance therewith, and relying on his promise, furnished specified services in caring for and nursing the testator for more than three years and until his death. Here is an explicit finding that there was a "contract relation," or "a special contract," or an "express contract," to compensate the plaintiff for the precise services for which she seeks to recover.

After this finding was filed, the defendant, to support his appeal, asked the trial court to cause all the evidence to be printed in the record, and this has been done. The appellant thereupon claims that the trial court erred in finding that there was any such contract. But the record shows that the appellant made no as-

signment of error in which he claimed that the finding should be corrected in any particular. Therefore there is nothing in the record which gives this court power to change the finding. *Hartford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 254, 116 Atl. 186. This has long been the settled practice of this court, and the course to be pursued has been many times clearly defined in our decisions. *Durham* v. *Larom,* 95 Conn. 475, 477, 111 Atl. 832, and cases cited. Since this appellant has thus neglected to take the necessary preliminary steps of asking for a correction of the finding as a warrant for the correction of the judgment, he has no standing in this court. *Hine* v. *McNerney,* 97 Conn. 308, 311, 116 Atl. 610. Therefore the finding made must stand, and as it stands it unquestionably warrants the judgment rendered.

If we should overlook this neglect to follow the established procedure to present such an assignment of error, we should have before us a request to try this case over again on the same issues of fact and upon the same evidence that were submitted to the trial court, and to make the inferences and conclusions which the appellant would draw, and substitute them for those which the court has reached. This we cannot do. "It has been distinctly and repeatedly declared that this court will not consider such requests, and will not correct a finding of facts unless the record discloses that it includes matters found to be facts without evidence, or fails to include material facts which were admitted or undisputed. The determination of the trial court on conflicting evidence, or on the weight or effect of evidence, will not be disturbed. The powers and functions of the trial court, and of this court on appeal, could hardly be misunderstood or misinterpreted in the light of our decisions on these subjects." *Hine* v. *McNerney,* 97 Conn. 308, 311, 116 Atl. 610.

Without an assignment based upon a specific claim for some correction of the finding, this court, under our statute (§ 5832) and our rules of practice, plainly explained in our decisions, will not consider any correction. *Hartford-Connecticut Trust Co.* v. *Cambell*, 97 Conn. 251, 254, 116 Atl. 186. This appeal was defective for that reason. See the case last referred to and the authorities therein cited, some of which appeared in our reports many years ago. Where an appeal is plainly defective, the trial court ought not to certify the evidence. *Nachamchik* v. *Lipschitz*, 97 Conn. 222, 116 Atl. 189.

There is no error.

In this opinion the other judges concurred.