## B. Sharfman *vs.* Joe Scoilnick

First Judicial District, Hartford, May Term, 1923.
Wheeler, C. J., Beach, Curtis, Burpee and Keeler, Js.

A fact found by the trial court is "affirmatively established," unless it be shown to have been found without evidence.

Argued May 1st—decided June 1st, 1923.

ACTION by the payee against the maker to recover the amount of three promissory notes, brought to and tried by the Court of Common Pleas in Hartford County, *Dickenson, J.;* facts found and judgment rendered for the plaintiff for $881, and appeal by the defendant. *No error.*

*Louis Schatz,* for the appellant (defendant).

*Samuel Rosenthal,* for the appellee (plaintiff).

PER CURIAM. If the finding is not materially corrected, it amply supports the judgment rendered.

The defendant has caused a certified copy of the entire evidence and rulings in the case to be printed as a part of the record on the appeal, and in his reasons of appeal seeks to have the finding corrected both by additions to it and omissions from it.

The court found that the defendant executed the notes and authorized another to deliver the notes to the plaintiff and consequently that they were not forgeries; and that they were renewal notes given to pay other notes of the maker, and therefore there was a consideration for them.

In addition to certain corrections of the finding sought on the appeal, the defendant claims, in effect,

that the court erred in failing to hold that the plaintiff must establish the facts found affirmatively. Whatever the defendant means by finding a fact affirmatively, a fact found by the court is in law established affirmatively, unless the complaining party is able to secure the correction of the finding by showing that such fact was found without evidence.

An examination of the evidence discloses that the defendant is not seeking the addition to the finding of admitted or undisputed facts, or the omission of facts found without evidence, but is seeking the addition of facts which he claims that the weight of the evidence supports, and the omission of facts which he claims were not supported by the weight of evidence. These are not permissible grounds for correcting a finding. *Hine* v. *McNerney,* 97 Conn. 308, 116 Atl. 610; *Moran* v. *Holmes Mfg. Co., post,* p. 180, 121 Atl. 346.

There is no error.