## HERMAN I. EPSTEIN *vs.* WILLIAM HEIMOVITCH.

First Judicial District, Hartford, October Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Whether a building restriction lessens the value of a lot or not is a question of fact for the determination of the trial court, whose conclusion, upon conflicting evidence, will not be reversed on appeal.

Argued October 4th—decided November 7th, 1923.

ACTION by the payee against the maker of a note, brought to and tried by the City Court of Hartford, *Bullard, J.;* judgment for the plaintiff for $496.46, and appeal by the defendant. *No error.*

*Henry J. Marks,* for the appellant (defendant).

*Edward L. Steele,* with whom was *Morris G. Cohen,* for the appellee (plaintiff).

PER CURIAM. The action is upon a note given the plaintiff by the defendant in part payment for a building lot. The plaintiff was entitled to recover the amount due upon the note unless the defendant's counterclaim was established, thus reducing or defeating the recovery on the note. The counterclaim set up that the lot (for payment of which, in part, the note had been given) was conveyed clear of all except certain named encumbrances, and in fact was subject to a building restriction which lessened the value of the lot in excess of the amount of this note. The court found that the fair market value of the lot was the same with or without the building restriction, and therefore the defendant's damages arising from the restriction were nominal.

We have weighed the evidence with care and can-

not hold that the trial court made this finding without legal evidence. It had before it the witnesses who testified in behalf of the plaintiff as to the value of the lot with and without the restriction, and the qualification of their opinion by the cross-examination, and it had before it, also, the fact that the lot had been sold by the defendant within a year from the date of purchase for more than he paid for it, and the fact that the purchaser testified that the encumbrance of the restriction did not affect his judgment as to the amount he would pay for the lot. The burden of proof upon the counterclaim was upon the defendant, and we cannot upon the evidence before the court hold that it erred in finding that the defendant had not shown by a fair preponderance of the evidence that the value of this lot had been lessened by this building restriction. The determination of this issue upon the evidence was for the trial court. *Hine* v. *McNerney*, 97 Conn. 308, 311, 116 Atl. 610; *Barker* v. *Curtis*, 98 Conn. 761, 763, 120 Atl. 502.

There is no error.