NOREILDA CLARK *v.* THE CONNECTICUT COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 5—decided November 8, 1945.

*Morton E. Cole,* with whom were *Charles E. Mahoney* and, on the brief, *Cyril Cole,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellee (defendant Beaupre).

DICKENSON, J. The plaintiff, a passenger on a Connecticut Company bus, was injured because of its sudden stop to avoid collision with a truck which crossed its path. In an action against the Connecticut Company and the alleged owner of the truck, judg-

ment was rendered for both defendants. The plaintiff has appealed from the judgment in favor of the truck owner, to whom we shall hereinafter refer as the defendant.

The case turned upon the identification of the truck involved in the incident, and the court held that it had not been established. The court found that the bus, a red refrigerator car and a third vehicle going north were halted, abreast of one another, by the signal of a traffic officer at the intersection of Main and Willow Streets in East Hartford. The bus was the most easterly vehicle, and the refrigerator truck was at its left. It was shortly after 8 a.m., traffic was heavy and other vehicles were lined up on Main Street for some distance behind the three vehicles. When the officer signaled northbound traffic to proceed, the red truck suddenly turned to its right in front of the bus to enter Willow Street. The bus, which had also started, was brought to a sudden stop. The truck proceeded down Willow Street and the bus resumed its course up Main Street. There was no collision and no police investigation. No one observed the registration number of the truck and the only description of it was that it was a red refrigerator truck. The defendant received no notice that its truck was involved in the incident until a month after it had occurred. Several other red refrigerator trucks, belonging to other owners than the defendant, daily traveled the same route at about the same time. One of the defendant's red refrigerator trucks made a trip to factory cafeterias on Willow Street three days a week at about 8 a.m., and one made such a trip on the morning in question. These facts are not disputed.

The traffic officer, whom the court found to be a trained and experienced policeman, testified that when

he signaled for the northbound traffic to proceed he saw a red truck and the Connecticut Company bus, that he turned his head to the north to observe southbound traffic, and that when he turned back the bus had stopped and he saw the red truck going down Willow Street. He stated that he recognized the truck, as he saw it every morning; that he did not know its owner; but that it was an ice-cream truck and when not in operation was kept in a yard on North Main Street. The defendant later testified that he kept two red refrigerator trucks and another red truck in this yard part of the time. The trial court found that at the time of the incident the traffic officer paid no particular attention to the truck, and concluded that it was not identified as the defendant's truck. The plaintiff attacks this finding and conclusion, claiming that the identification of the truck was conclusive and it should be so found. She makes the further claim that in denying a motion by the defendant for nonsuit the trial court in effect found that the identification had been established, and that it could not make a contrary finding.

As to the latter claim, the denial of a motion for nonsuit serves no other purpose than to establish the fact that a prima facie case has been made out. General Statutes, § 5662; *Ace-High Dresses, Inc.* v. *J. C. Trucking Co., Inc.*, 122 Conn. 578, 579, 191 Atl. 536. In denying the motion, the court did not necessarily pass upon the credibility of the traffic officer. Moreover, a trial court has the right to change its decision at any time before final judgment or, upon proper proceedings, before expiration of the term of court. It may well deem it wiser to let the trial proceed to its conclusion, at which time all the evidence in the case can be more thoroughly studied, than to dismiss the

action upon the rather summary consideration of the evidence that is usually necessary upon a motion for nonsuit.

The trial court's failure to reach the conclusion, on the merits, that the defendant's truck was the one that crossed the path of the bus involves a matter of credibility. The memorandum of decision may be resorted to for a better understanding of the basis of the court's decision. *Duggan* v. *Byrolly Transportation Co.,* 121 Conn. 372, 375, 185 Atl. 85; Conn. App. Proc., § 90. This indicates that the trial court was not satisfied with the traffic officer's identification for two reasons. The first was that the officer stated that he saw the defendant's truck every morning, while there was evidence that it made the trip down Willow Street but three times a week. The second, and complementary, reason was that it was undisputed that several similar trucks owned by others made the trip daily, indicating that the officer had not distinguished the defendant's truck from the others. The officer testified to no features that distinguished it from these, and the trial court was justified in finding that he gave it no particular attention. The court apparently believed that the chances of the officer's being mistaken were too great to justify it in accepting the evidence as sufficient identification. The trial court had the witness before it and it was for it and not for this court to determine what credence should be given him. *Onofrio* v. *Palmer,* 132 Conn. 257, 259, 43 Atl. (2d) 454; Conn. App. Proc., § 92. In *Phoenix Mutual Life Ins. Co.* v. *Opper,* 75 Conn. 295, 298, 53 Atl. 586, we said: "The broad claim is made that if the testimony of an unimpeached witness stands uncontradicted and unaffected adversely by any evidence in the case, the trial court is bound to believe it. . . . This is not so. Even

in such a case the trial court is the final judge of the credibility of a witness."

There is no error.

In this opinion the other judges concurred.