The plaintiff is the divorced wife of Dominic DiBiaso, who is now deceased. The defendants are Daniel DiBiaso, a son of Dominic by a former marriage, and Douglas B. Johnson, administrator of Dominic's estate. In this action the plaintiff is seeking to recover from the estate of her divorced husband accrued and unpaid amounts of money alleged due her in his lifetime for her support and that of minor children of the marriage, pursuant to the provisions of a divorce decree obtained in the Superior Court for New Haven County on June 21, 1944; and, in addition, a decree in equity requiring the defendant son to transfer over to the estate three parcels of land. The basis of the requested decree is contained in allegations which purport to recite that the son accepted title to the land without paying any consideration and in furtherance of his father's design to put his property beyond the reach of creditors.
On July 25, 1951, the court (Pastore, J.) overruled a demurrer to the complaint interposed by the defendant son. Pleadings thereafter were closed and the case went on trial November 8 last. At the conclusion of the plaintiff's case the defendant son moved for a nonsuit and the defendant administrator rested. The immediate question is whether the motion for nonsuit should be granted or denied. *Page 334 
Our Supreme Court of Errors is committed to a strict view regarding the propriety of trial courts in granting nonsuits. See Crowell v. Palmer, 134 Conn. 502, 505; Clark v. ConnecticutCo., 132 Conn. 400, 402; Rappaport v. Rosen Film DeliverySystem, Inc., 127 Conn. 524. In Crowell v. Palmer,
supra, it is tersely stated: "The right [to grant a nonsuit] is to be sparingly exercised; a plaintiff is entitled to every favorable inference that may be legitimately drawn from the evidence; and a party has the same right to submit a weak case as he has to submit a strong one."
It appears that much of the argument advanced by the defendant son in support of his motion for nonsuit was advanced at an earlier date in support of his demurrer, which was overruled. He cannot reargue the merits of his overruled demurrer at this stage of the proceedings. Cook v. Morris, 66 Conn. 196,205.
There is a rule to the effect that a judge who tried a case is not bound by a previous ruling on a demurrer at an earlier stage of the proceedings. See Albrecht v. Rubinstein,, 135 Conn. 243,247; Santoro v. Kleinberger, 115 Conn. 631, 638, and cases cited. But the cases which recognize this rule are not concerned with matters relating to nonsuits, and no case so holds. In considering a motion for nonsuit the court is not concerned with the legal sufficiency of the complaint. Pignatario v. Meyers,100 Conn. 234, 239.
As against the defendant son the plaintiff's case as presented is anything but strong. The conveyances which are attacked had their origin many years ago. Granting weaknesses on this phase of the plaintiff's case, the court nevertheless concludes that the motion for nonsuit should be denied.
 Accordingly, the motion for nonsuit is denied.