[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter concerns a complaint brought in two counts against the defendant, Carl Sayers, d/b/a.
The First Count sounds in a breach of contract action and alleges that on or about October 29, 1990, the plaintiff sold Yellow Pages, and or White Pages advertising services to the defendant. Said count further alleges that the aforementioned services were ordered by defendant and published by the plaintiff.
The aforementioned sale of services was made in the form of two written contracts. One contract, dated October 29, 1990 (Exhibit 1), the other contract dated December 12, 1991 (Exhibit 2).
The Second Count incorporates the First Count, but sounds in an unjust enrichment action. The plaintiff alleges that the defendant benefited from the plaintiff's advertising while not paying for the same and therefore has been unjustly enriched to the detriment of the plaintiff.[1]
By way of a pleading filed on January 12, 1999, the defendant answered the complaint and filed four special defenses:
1) First Special Defense — Statute of Limitations; and CT Page 2551
2) Second Special Defense — Laches; and
3) Third Special Defense — Equitable Estoppel; and
 4) Fourth Special Defense — Plaintiff was not authorized to publish the subject advertisements.
This matter was tried before the court on January 31, 2002, with the defendant proceeding pro se.
During the course of the trial, the plaintiff introduced two documents that were entered as full exhibits. These documents are purported to be written contracts executed by the defendant Carl Sayers, d/b/a/ Danbury Top Soil (Plaintiff's Exhibits 1 and 2). During the course of trial, the plaintiff gave notice to the court that it would not be pursuing to collect anything on the document marked as Exhibit 2. As to document marked as Exhibit 1, the court comes to the conclusion that the more credible and persuasive evidence indicates that the plaintiff has met its burden of proof to show that the defendant executed said document on October 29, 1990.
Plaintiff's Exhibit 1 is a written "agreement" for advertising services. The document provides in pertinent part that:
This authorizes the Southern New England Telephone Company and the
 Company publishing the directory into which the representation specified above is ordered, If other than the Southern New England Telephone Company (hereinafter collectively called "Company"), to publish in the next and subsequent issues of its Telephone Directories the representation specified above, and to continue any representation heretofore authorized and not previously cancelled.
 The reverse side of the document concerns the document's terms and conditions and provides in pertinent part that:
It is expressly understood and agreed that:
 (A) This contract may be terminated by either party at the expiration of the issue in which the advertising or listing appears. Written notice of termination must be given prior to the public CT Page 2552 closing date of the issue in which the advertising or listing is to be discontinued except in the case of discontinuance of space advertisements. In which case notice must be given prior to the contract close date of the issue.
Plaintiff's Exhibit 3 is a document entitled "uncollectibles". This document in dated April 23, 1998, and purports to contain payment and adjustment information on the contracts in question. It provides as of the date of the creation of the document, the defendant owed the plaintiff fourteen thousand two hundred ninety nine dollars and seventy seven cents ($14,299.77). This number includes a debt of four thousand six hundred thirty nine dollars and seventy-seven cents ($4,639.77) on the 1990 contract (Plaintiff's Exhibit 1). Plus nine thousand six hundred and sixty dollars ($9,660.00) on the 1991 contract (Plaintiff's Exhibit 2).[2]
The defendant in this matter has raised a special defense of the statute of limitations. Section 52-576 of the Connecticut General Statutes concerns actions for account or on simple or implied contracts. Subsection 52-576 (a) concerns a time limitation as to when such actions may be brought. This statute provides in pertinent part that:
 No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues
In the current action, the contract upon which the plaintiff is seeking to recover is dated October 29, 1990. The defendant in this matter was served with process on February 25, 1998.
 The true test for determining the appropriate date when a statute of limitations begins to run is to "establish the time when the plaintiff first could have successfully maintained an action. That is, an action cannot be maintained until a right of action is complete and hence, the statute of limitations cannot run before that time." Gaylord Hospital v. Massaro, 5 Conn. App. 465, 467, 499 A.2d 1162 (1986) . . . "In an action for breach of contract, the cause of action is complete upon the occurrence of the breach, that is, when the injury has been inflicted." Gaylord Hospital v. Massaro, supra, 467. (internal citations omitted)
CT Page 2553 Garofalo v. Squillante, 60 Conn. App. 687, 694 (2000).
The evidence presented at trial indicated that the defendant was not to make any payments until after the directory with the contract yellow pages information was published. The Subject contract was executed in October 1990, therefore the advertisements would not have appeared until the publishing of the 1991 phonebooks. Construing the evidence in the plaintiff's best light, its cause of action arose sometime in late 1991. Therefore the plaintiff had until late 1997 to file an action on the alleged breach of contract. As previously stated, the defendant was not served with process until February 1998.
 In this jurisdiction, a law suit is commenced when a proper officer serves a writ of summons and complaint on the defendant. See Lacasse v. Burns, 214 Conn. 464, 475, 572 A.2d 357 (1990).
 Altfeter v. Naugatuck, 53 Conn. App. 791, 803 (1999).
Whereas a period in excess of the statutory time period has lapsed, the issue before the court is whether or not something had occurred that tolled or delayed the running of the statute of limitations. The plaintiff asserts that the statute of limitations had been tolled due to the defendant making a partial payment in the amount of five hundred dollars ($500.00). Plaintiff's Exhibit 3 indicates that the plaintiff processed a payment of five hundred dollars ($500.00) on an account in the name of "Carl R Sayers DBA Danbury Top Soilco".[3] The date that the processing took place was November 5, 1993. This date is within six years of February 25, 1998 and of November 5, 1993.
It is well-settled law in this state that a partial payment may toll the running of the state of limitations. See Clark v. Diefiendorf,109 Conn. 507 (1929). However, a partial payment in and of itself is not enough to toll the running of the statute:
 The basis of the doctrine by which part payment will take a case out of the statute of limitations is that, under the circumstances, it constitutes an acknowledgment of the indebtedness sued upon as a then existing debt. It therefore follows that, to have this effect, the trier must find that it was made and accepted as payment of part of the particular indebtedness in suit and under such circumstances that it recognizes the whole of the debt as subsisting, so that the law can imply from it a promise to pay the balance. Boughton v. Boughton, 77 Conn. 7, 11, 58 A. 226; CT Page 2554 Radigan v. Hughes, 84 Conn. 137, 141, 79 A. 50. If such payments are made in satisfaction of certain items, though these are a part of a continuous series of charges, or if they are accompanied by declarations repudiating any further indebtedness, they could not be regarded as sufficient to remove the bar of the statute. Boughton v. Boughton, supra; Hale v. Morse, 49 Conn. 481.
 Clark v. Diefendorf, 109 Conn. 507, 514 (1929).
In the instant action, the plaintiff asserts that the defendant made a payment of five hundred dollars ($500.00) on or about November 5, 1993. The defendant does not deny tendering the aforementioned sum to the plaintiff, however the defendant asserted at trial that the money was tendered not as a partial payment, but as a "bond" so that he could continue to place yellow pages advertising. The more credible and convincing evidence is that the payment was not a bond, but a payment on a debt, the issue that the court must address however is on what debt was the defendant making a payment, the debt pursuant to the contract that is the subject of this action, or the debt on the contract that the plaintiff has abandoned its effort to collect upon?
The First Count of the plaintiff's complaint provides in pertinent part that:
 On or about or after October 29, 1990, the plaintiff, a Connecticut corporation with its principal place of business in New Haven, Connecticut, sold Yellow Pages and/or White Pages and/or Business to Business telephone directory advertising to the commercial defendant CARL SAYERS.
During the course of trial, the plaintiff introduced evidence of two separate written contracts. Exhibit 1 is a written contract dated October 29, 1990. Exhibit 2 is a written contract dated December 5, 1991. The plaintiff introduced evidence during the trial that it had an internal policy of applying all payments received to the oldest outstanding debt. The plaintiff also introduced evidence that the November 5, 1993, payment was applied to the arrearage on the 1990 contract. There was no credible evidence that the defendant was informed of this policy or that he agreed to have his payment directed in accordance with said policy. The Court therefore comes to the conclusion that preponderance of the evidence does not support the plaintiff's assertion that the payment was "made and accepted as payment of part of the particular indebtedness in suit."Clark v. Diefendorf, Supra. CT Page 2554-a The evidence introduced by the plaintiff established plaintiff's intent that the aforementioned payment was to be applied to the 1990 contract, however, no credible and convincing evidence was introduced to show that it was the defendant's intent that said payment be accordingly applied. Therefore the court cannot find that there was an "unequivocal acknowledgement" to pay the debt on the 1990 contract.
 `The Statute of Limitations creates a defense to an action. It does not erase the debt. Hence, the defense can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account.' Buckley v. Buckley, 144 Conn. 403, 411, 133 A.2d 604
(1957). Whether partial payment constitutes "unequivocal acknowledgment" of the whole debt from which an unconditional promise to pay can be implied thereby tolling the statute of limitations is a question for the trier of fact." Apuzzo v. Hoer, 125 Conn. 196, 200, 4 A.2d 424 (1939).
Zapolsky v. Sacks, 191 Conn. 194, 198 (1983).
For the foregoing reasons the court finds in favor of the defendant on the special defense of the statute of limitations, judgment may enter in favor of the defendant and against the plaintiff. So ordered.
_________________________ Richard A. Robinson, J. February 20, 2002